UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES E. BATES,<br><br>Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT et al.,<br><br>Defendants. | Case No.: 2:22-cv-00957-CDS-EJY<br><br>**ORDER**<br><br>and<br><br>**REPORT AND RECOMMENDATION** |

This matter comes before the Court on Plaintiff's Complaint and application to proceed *in forma pauperis*. ECF Nos. 1, 1-2.

**I.    *IN FORMA PAUPERIS* APPLICATION**

On June 15, 2022, Plaintiff, an inmate, filed an application to proceed *in forma pauperis*. ECF No. 1. The application was incomplete and denied without prejudice. ECF No. 6. On July 22, 2022, Plaintiff filed a complete *in forma pauperis* application (ECF No. 7), which is granted.

**II.   SCREENING THE COMPLAINT**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *id.*).

### III. DISCUSSION

#### A. Plaintiff's Complaint.

On August 21, 2020, Plaintiff was shopping with his girlfriend at a Family Dollar store. ECF No. 1-2 at 7. Plaintiff, unarmed and in the process of carrying several items to the cash register, was unexpectedly attacked by several members of the Las Vegas Metropolitan Police Department (the "LVMPD") including Detective Mack O'Halloran, Detective J. Alessio, and Sergeant S. Perry. *Id.* Detective E. Nahum is alleged to have approached Plaintiff but not to have participated in the physical assault. *Id.* Thirteen other members of the LVMPD looked on while the altercation took place. These LVMPD officers include B. Moore, A. Hawkins, E. Stafford, S. McGrill, J. Pappab, J. Marin, J. Beckerle, T. Faller, M. Magsaysay, J. Cortez, A. Salgado, T. Ivie, and J. Strumillo. *Id.*

During the altercation, Sergeant Perry instructed his subordinate officers to "double up the taser so they would be able to inflict the maximum amount of pain on [Plaintiff]." *Id.* After Plaintiff was tased in the back, Detective O'Halloran taunted Plaintiff and tased him again causing Plaintiff to soil himself, bite through his tongue, and bang his head. *Id.* O'Halloran, Alessio, and Nahum all laughed while Plaintiff was being subjected to this treatment. *Id.*

After being walked out of the store by O'Halloran—and having the taser darts ripped from his back—certain Defendants allegedly refused Plaintiff the opportunity to receive medical attention from on scene paramedics. *Id.* Thereafter, Plaintiff was interviewed by the LVMPD's Internal Affairs Bureau ("IAB"). *Id.* He was asked whether the LVMPD officers had announced their presence or made any commands. *Id.* Plaintiff states he responded by truthfully telling IAB "No." *Id.* Plaintiff was then transported to the Clark County Detention Center where, despite requesting attention from the on-duty nurse to treat his injuries, he was again denied medical attention. *Id.* at 8. As a result of this ordeal, Plaintiff alleges he suffers from lifelong injuries that will impair his ability to perform his work duties as a construction worker and to enjoy his hobbies and other daily activities. *Id.* at 10.

Plaintiff asserts "his 4th and 5th Constitutional Rights, Privileges or Immunities" were violated and that he has causes of action falling into the following categories: "Equal Protections: Under the Law/Due Process; Excessive Force, Medical Negligence, Deliberate Indifference, [and]

2

Respondeat Superior." *Id.* Plaintiff asserts that the LVMPD's Detective Unit, as well as Detectives O'Halloran, Alessio, Nahum, and Sergeant Perry violated those rights. *Id.* Further, Plaintiff alleges that the thirteen other members of the LVMPD looked on and failed to intervene, thus creating plausible culpability on their part. *Id.*

Under Count 1, Plaintiff asserts the following claims against O'Halloran, Alessio, Nahum, and Perry: (1) Fourth Amendment violations arising from his right to be safe from unreasonable seizure, excessive force, and cruel and unusual punishment; (2) Fifth and Fourteenth Amendment Due Process Clause violations; and (3) an Eighth Amendment violation against cruel and unusual punishment. *Id.* at 9. Under Count 2, Plaintiff asserts that his Fifth Amendment Due Process rights were violated by O'Halloran, Alessio, Nahum, and Perry as a result of "Deliberate Indifference, Medical Negligence, and [Respondeat] Superior to Ensure that Plaintiff is Afforded Adequate Medical Care." *Id.*

As a result of his alleged injuries, Plaintiff requests the following forms of relief: (1) a trial by jury, (2) $2,000 in compensatory damages, (3) $4,000 in punitive damages, (4) $2,000 in damages for mental and emotional distress, (5) $2,000 for pain and suffering, and (6) injunctive relief via a change in the LVMPD's taser policy. *Id.* at 11.

    **B.**    **The Court Recommends Dismissing Plaintiff's Section 1983 Claim Against the LVMPD Without Prejudice.**

A plaintiff seeking to hold a municipal defendant liable for constitutional violations under Section 1983 cannot do so arguing respondeat superior. Instead, a plaintiff must allege that his constitutional rights were violated pursuant to the defendant's custom, practice, or policy. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91 (1978); *Shah v. Cnty. of Los Angeles*, 797 F.2d 743, 747 (9th Cir. 1986) (providing that claims for municipal liability under Section 1983 can be "based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice.") (internal citation omitted). Such a claim requires a "direct causal link between a municipal policy or custom and the alleged constitutional violation." *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1075 (9th Cir. 2016) (internal citation omitted) (en banc). An "act performed pursuant to a 'custom' that has not been formally approved

by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Bd. of Cnty. Com'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997) (internal citation omitted).

Plaintiff's Section 1983 claim against the LVMPD fails because he does not allege that his constitutional rights were violated by virtue of any LVMPD custom, practice or policy. Indeed, Plaintiff makes the statement that the LVMPD officers who actively participated in the altercation with Plaintiff "went out side [sic] the parameters of their duties and protocol during the arrest of [Plaintiff]…." ECF No. 1-2 at 9. This allegation belies the fact that the LVMPD has a policy of requiring its officers to act in the manner Plaintiff alleges Defendants acted. Because Plaintiff has not alleged any facts that meet the *Monell* pleading requirements, the Court recommends Plaintiff's claim against the LVMPD be dismissed without prejudice, but with leave to amend.

**C.     The Court Recommends Dismissing With Prejudice Plaintiff's Claims Seeking Money Damages Against the LVMPD Officers in Their Official Capacities Because Amendment is Futile.**

Plaintiff names seventeen LVMPD officers as defendants in their official and individual capacities. ECF No. 1-2 at 2–6. However, the Eleventh Amendment "bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, *i.e.*, money damages, rather than prospective, *e.g.*, an injunction." *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988) (internal citations omitted). Thus, Plaintiff's Section 1983 claims for money damages against the LVMPD officers in their official capacities fail as a matter of law. The Court recommends dismissing with prejudice all of Plaintiff's claims seeking money damages for past harms allegedly caused by the LVMPD officers in their official capacities.

**D.     Plaintiff's Fourth Amendment Claims Against Detective O'Halloran and Sergeant Perry May Proceed.**

Government officials do not enjoy sovereign immunity under the Eleventh Amendment as individuals and, therefore, money damages may be recovered from such officials if they are sued in their personal capacities. *Ruley v. Nev. Bd. of Prison Com'rs*, 628 F.Supp. 108, 110 (D. Nev. 1986). Here, Plaintiff sues seventeen LVMPD officers in their individual capacities for money damages

allegedly arising from excessive force associated with Plaintiff's arrest in violation of his Eighth Amendment right against cruel and unusual punishment. ECF No. 1-2 at 2–6. As the events described by Plaintiff relate solely to his time as an arrestee and pretrial detainee, Plaintiff's claims arise under the Fourth and Fourteenth Amendments, not the Eighth Amendment.[1] *Powell v. City of Elko*, Case No. 3:21-cv-418, 2022 WL 3219795, at *4 (D. Nev. March 8, 2022), *citing Vazquez v. Cnty. Of Kern*, 949 F.3d 1153, 1163-64 (9th Cir. 2020). Plaintiff's Eighth Amendment claim is therefore analyzed as a Fourth Amendment claim against the LVMPD officers for alleged use of excessive force at the time of Plaintiff's arrest. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The Fourth Amendment guarantees a citizen's right to be free from "unreasonable searches and seizures." U.S. CONST. amend. IV. The "reasonableness" of a particular seizure, including an arrest of a person, "depends not only on *when* it is made, but also on *how* it is carried out." *Graham v. Connor*, 490 U.S. 386, 395 (1989) (internal citations omitted). The relevant inquiry is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Id*. at 397.

In determining the reasonableness of a seizure effected by force, a court must balance the "nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake." *Miller v. Clark Cnty.*, 340 F.3d 959, 964 (9th Cir. 2003) (internal citation and quotation marks omitted). Courts evaluate the strength of the government's interest in using force—deadly or otherwise—by examining three nonexclusive *Graham* factors: "(1) whether the suspect poses an immediate threat to the safety of the officers or others, (2) the severity of the crime at issue, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight." *Glenn v. Wash. Cnty.*, 673 F.3d 864, 872 (9th Cir. 2011). The "most important" factor in assessing the reasonableness of a seizure is whether the individual posed an immediate threat to the safety of the officers or others. *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010) (internal citation and quotation marks omitted). These factors are not exclusive; rather, courts "examine the totality of the circumstances and consider whatever specific factors may be appropriate in a particular case." *Id*. (internal citation and quotation marks omitted). For

---

[1] Plaintiff's Fourteenth Amendment claims are discussed below.

5

example, the "quantum of force" used to arrest a suspect may constitute such a relevant factor. *Luchtel v. Hagemann*, 623 F.3d 975, 980 (9th Cir. 2010). "Courts may also consider the availability of alternative methods of capturing or subduing a suspect." *Davis v. City of Las Vegas*, 478 F.3d 1048, 1054 (9th Cir. 2007) (citation omitted).

Plaintiff alleges that Detectives O'Halloran, Alessio, and Nahum initially approached him while he and his girlfriend were shopping at a Family Dollar store. ECF No. 1-2 at 7. As he was approaching the counter with merchandise, Plaintiff was tased in the back by O'Halloran, who, along with Alessio and Nahum, did not announce their presence to Plaintiff prior to engaging him. *Id.* It is unclear the exact roles that Alessio and Nahum played in the encounter.[2] The Detectives' commander, Sergeant Perry, is alleged to have instructed the officers to "double up the taser so they would be able to inflict the maximum amount of pain on [Plaintiff] victimizing him." *Id.* While Plaintiff was on the floor and barely conscious, O'Halloran taunted Plaintiff and proceeded to taser him a second time without any provocation. *Id.* The detectives laughed at Plaintiff soiling himself prior to O'Halloran walking Plaintiff out of the store and ripping the taser prongs from his back. *Id.*

### 1. Detective O'Halloran

Construing the facts presented in the light most favorable to Plaintiff, the Court finds the circumstances and force used in the arrest states a facial violation of the Fourth Amendment. Plaintiff was shopping and in the process of bringing items to the cash register for purchase. Without warning or indication that Plaintiff posed a threat to the LVMPD officers or to the public, Plaintiff was tased in the back by O'Halloran. While Plaintiff was on the ground and barely conscious, O'Halloran taunted him and proceeded to tase him again causing him multiple injuries, including biting through his tongue and suffering an injury to his head. Further, even if Plaintiff had resisted, once he was on the floor, there were potentially other less harmful methods for O'Halloran to use than a taser.

In addition, "[t]he Fourth Amendment requires that law enforcement officers provide objectively reasonable post-arrest care to an arrestee." *Espinoza v. Cal. Highway Patrol*, Case No. 16-cv-00193, 2016 WL 4943960, at *3 (E.D. Cal. Sept. 16, 2016) (citing *Tatum v. City and Cnty. of*

---

[2] The potential claims against Detectives Alessio and Nahum are discussed in subsection E.

*San Francisco*, 441 F.3d 1090, 1098-99 (9th Cir. 2006)). An officer may satisfy this obligation "by either promptly summoning the necessary medical help or by taking the injured detainee to a hospital." *Tatum*, 441 F.3d at 1099. "Whether the officers acted reasonably and were sufficiently 'prompt' depends in part on the length of the delay and the seriousness of the need for medical care." *Holcomb v. Ramar*, Case No. 13-cv-1102, 2013 WL 5947621, at *4 (E.D. Cal. Nov. 4, 2013).

Plaintiff states a colorable claim that O'Halloran did not act reasonably when he deprived Plaintiff of medical attention following the encounter in the Family Dollar store. Plaintiff suffered injuries that would have been relatively visible—a bite through the tongue and a head injury—along with soiling himself. Plaintiff was tased twice and had the prongs removed from his back. On its face, these facts are sufficient to assert Plaintiff was in reasonable need of medical attention and that O'Halloran denied him the opportunity to receive such care.

In sum, the totality of the circumstances alleged by Plaintiff demonstrates a colorable Fourth Amendment excessive force claim against Detective O'Halloran, which may proceed.

    2.  *Sergeant Perry*

Plaintiff attempts to assert a claim that Perry violated Plaintiff's Fourth Amendment rights through inaction as a supervisor. "Although there is no pure respondeat superior liability under § 1983, a supervisor is liable for the acts of his subordinates if the supervisor participated in or directed the violations, or knew of the violations [of subordinates] and failed to act to prevent them." *Preschooler II v. Clark County School Bd. Of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007) (internal quotation omitted).

Plaintiff asserts sufficient facts to state a claim against Sergeant Perry under the standard established in *Preschooler II*. Most specifically, Perry allegedly "instructed" his subordinate officers to "double up the taser" to maximize the pain inflicted on Plaintiff. In light of the totality of Plaintiff's allegations that include O'Halloran, Plaintiff's Fourth Amendment claim against Sergeant Perry may proceed.

### E. The Court Recommends Dismissing Plaintiff's Fourth Amendment Claims Against the Doe LVMPD Officers Without Prejudice.

"[P]olice officers have a duty to intercede when their fellow officers violate the constitutional right[s] of a suspect or other citizen." *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000). Thus, "[i]f an officer fails to intervene when fellow officers use excessive force, despite not acting to apply the force, he [or she] would be responsible for violating the Fourth Amendment." *Garlick v. Cnty. of Kern*, 167 F. Supp. 3d 1117, 1161 (E.D. Cal. 2016). To state a claim for failure to intervene, however, "a plaintiff must provide specific plausible factual allegations demonstrating that the defendant officer had 'a realistic opportunity' to intercede." *Sanders v. L.A Cnty.*, Case No. 17-cv-8843, 2018 WL 10466829, at *2 (C.D. Cal. Nov. 8, 2018) (quoting *Cunningham*, 229 F.3d at 1289). This "inquiry is specific to the individual defendant." *Adams v. Kraft*, Case No. 10-cv-00602, 2011 WL 3240598, at *21 (N.D. Cal. July 29, 2011).

Plaintiff accuses the remaining LVMPD officers—B. Moore, A. Hawkins, E. Stafford, S. McGrill, J. Pappab, J. Marin, E. Nahum, J. Alessio, J. Beckerle, T. Faller, M. Magsaysay, J. Cortez, A. Salgado, T. Ivie, and J. Strumillo—of having stood by and watched while his Fourth Amendment rights were violated. ECF No. 1-2 at 8. However, Plaintiff has not alleged sufficient facts to demonstrate that some or any of these officers had a "realistic opportunity" to intervene. Rather, Plaintiff states in conclusory fashion that they "all failed to intervene or stop the blatant excessive force of their responding Unit mates…" *Id.*³ There are no facts describing where each officer was positioned, who was watching, or how any individual officer could have intervened. For these reasons, it is recommended that the Fourth Amendment claims against the thirteen LVMPD officers identified above be dismissed without prejudice, but with leave to amend.

### F. The Court Recommends Dismissing Plaintiff's Fifth Amendment Claims Against All LVMPD Officers With Prejudice, as Amendment is Futile.

"The Due Process Clause of the Fifth Amendment and the equal protection component thereof apply only to the actions of the federal government—not to those of local or state

---

³ Plaintiff does not include Detectives Alessio and Nahum as being in the group that "failed to intervene." ECF No. 1-2 at 8. However, throughout the Complaint, factual allegations regarding Alessio and Nahum describe nothing more than their presence at the scene.

8

governments." *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) (citation omitted). In order to state a claim alleging a violation of the Fifth Amendment, a plaintiff must make allegations against federal actors. *Id.* The seventeen LVMPD officers are not federal actors. For this reason, the Court recommends Plaintiff's claims under the Fifth Amendment be dismissed with prejudice.

      **G.**    **The Court Recommends Dismissing Plaintiff's Fourteenth Amendment Equal Protection Claim Against all LVMPD Officers in Their Individual Capacities Without Prejudice and With Leave to Amend.**

To state a claim for a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must demonstrate that a defendant acted with an intent or purpose to discriminate against him based on his membership in a protected class.[4] *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). "Intentional discrimination means that a defendant acted at least in part *because* of a plaintiff's protected status." *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994) (internal citation omitted) (emphasis in original).

Plaintiff asserts in conclusory fashion that Defendants violated his Fourteenth Amendment equal protection rights. ECF No. 1-2 at 8, 9. Plaintiff does not identify a membership in any protected class or allege any facts to suggest that Defendants "acted with an intent or purpose to discriminate." *Barren*, 152 F.3d at 1194. Even if liberally construed, Plaintiff's conclusory allegations of official participation in civil rights violations are insufficient to state a Section 1983 claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

Plaintiff fails to state an Equal Protection claim against the LVMPD officers. As such, the Court recommends that Plaintiff's Fourteenth Amendment Equal Protection claims against the LVMPD officers be dismissed without prejudice, but with leave to amend.

**IV.**    **ORDER**

IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 7) is GRANTED.

---

[4] A "claim for substantive due process violations arising under the Fourteenth Amendment would be inappropriate where the Fourth Amendment is applicable," as here, "but claims arising under the Fourteenth Amendment for violations of . . . equal protection are not foreclosed." *Belch v. Las Vegas Metro. Police Dept.*, Case No. 2:10-cv-00201, 2011 WL 1070175, at *3 (D. Nev. Mar. 21, 2011) (internal citations omitted).

1	IT IS FURTHER ORDERED that Plaintiff's filing at ECF No. 4 is DENIED as moot to the extent it includes a summons, which the Court addresses below. ECF No. 4 is GRANTED to the extent it includes a jury demand.

	IT IS FURTHER ORDERED that Plaintiff's Fourth Amendment claims against Detective M. O'Halloran and Sergeant S. Perry may proceed.

	IT IS FURTHER ORDERED that the Clerk of Court must issue summonses for Defendants M. O'Halloran and S. Perry and deliver the same to the U.S. Marshal for service together with two copies of the Complaint (ECF No. 1-2) and this Order for service on these Defendants.

	IT IS FURTHER ORDERED that the Clerk of Court must send to Plaintiff two (2) USM-285 forms together with a copy of this Order.

	IT IS FURTHER ORDERED that Plaintiff must complete the USM-285 forms for Defendants O'Halloran and S. Perry, to the best of his ability, and return the same to the Clerk's Office by mail no later than **October 21, 2022**.

	IT IS FURTHER ORDERED that upon receipt, the Clerk's Office must file the USM-285 forms under seal and deliver copies of the same to the U.S. Marshal Service.

	IT IS FURTHER ORDERED that the U.S. Marshal Service shall attempt to effect service of the summonses, Complaint, and this Order on Detective M. O'Halloran and Sergeant S. Perry no later than fifteen (15) days after receipt of the completed USM-285 forms.

	IT IS FURTHER ORDERED that once Plaintiff receives a copy of the USM-285 forms from the U.S. Marshal showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying which defendant(s) were served and which were not served, if any. If Plaintiff wishes to have service again attempted on an unserved defendant(s), then a motion must be filed with the Court identifying the unserved defendant(s) and specifying a more detailed name and/or address for said defendant(s), or whether some other manner of service should be attempted.

	IT IS FURTHER ORDERED that Plaintiff will serve upon Defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff will include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the

Defendants or counsel for the Defendants. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the clerk, and any paper received by a district judge, magistrate judge or the clerk which fails to include a certificate of service.

## V.     RECOMMENDATION

IT IS HEREBY RECOMMENDED that the following claims asserted by Plaintiff be dismissed with prejudice:

    a.    Claims against LVMPD officers in their official capacities for money damages; and

    b.    Fifth Amendment claims against all LVMPD officers.

IT IS FURTHER RECOMMENDED that the following claims asserted by Plaintiff be dismissed without prejudice but with leave to amend because, although Plaintiff's current pleading fails to state these claims with sufficient facts to establish relief that may be granted, Plaintiff may be able to amend his Complaint to do so:

    a.    Claim against the LVMPD under *Monell*;

    b.    Fourth Amendment claims against all LVMPD officers without prejudice, except, as stated above, Plaintiff's Fourth Amendment claims against Detective M. O'Halloran and Sergeant S. Perry, which may proceed; and

    c.    Fourteenth Amendment Equal Protection claims against all LVMPD officers in their individual capacities.

IT IS FURTHER RECOMMENDED that Plaintiff be given through and including **October 21, 2022** to file an amended complaint. Plaintiff is advised that if he chooses to file an amended complaint it must be complete in and of itself. This means all facts supporting all claims **must** be contained in the amended complaint. The Court cannot look back to Plaintiff's original Complaint for any purposes because, upon filing the amended complaint, Plaintiff's original Complaint is

nullified. If Plaintiff does not file an amended complaint on or before **October 21, 2022**, it is recommended the case proceed on claims identified in the Order above.

DATED THIS 21st day of September, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).