UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| James E. Bates,<br><br>              Plaintiff<br><br>    v.<br><br>Las Vegas Metropolitan Police Department, et al.,<br><br>              Defendants | Case No.: 2:22-cv-00957-CDS-EJY<br><br>**Order Adopting Magistrate Judge's Report and Recommendation**<br><br>[ECF No. 10] |

      United States Magistrate Judge Elayna J. Youchah issued a Report and Recommendation (R&R) following a review of plaintiff James Bates' complaint (ECF No. 1-2), which alleges civil rights violations against defendant Las Vegas Metropolitan Police Department and several officers, and his application to proceed *in forma pauperis* (ECF No. 1). In the R&R, she recommends that I dismiss parts of Bates' complaint with leave to amend his claims and dismiss other parts with prejudice. *See generally* ECF No. 10. The deadline by which Bates was permitted to file objections to the R&R was October 5, 2022. *Id.* at 12; LR IB 3-2. To date, no objections have been filed. It appears that instead of filing an objection, Bates chose to file an amended complaint. *See generally* ECF No. 16. Because Bates has not objected to the R&R, I adopt it in its entirety and dismiss the original complaint.

      **I.**      **Discussion**

      "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While *de*

*novo* review is not required because the plaintiff does not object to the R&R, I nevertheless conduct one here. *See* 28 U.S.C. § 636(b)(1). A magistrate judge's order should only be set aside if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014).

  Bates filed an application to proceed *in forma pauperis* in conjunction with his initial complaint. After review, Magistrate Judge Youchah denied Bates' IFP application as incomplete, but granted him an extension of time for him to file a completed application containing additional required documents or, in the alternative, to pay the filing fee. ECF No. 6. Bates submitted an amended IFP application (ECF No. 7) and after a subsequent review, the magistrate judge entered the R&R (ECF No. 10) granting Bates' application but recommending that the claims against LVMPD officers in their official capacities for money damages be dismissed with prejudice because the Eleventh Amendment "bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, i.e., money damages, rather than prospective, *e.g.*, an injunction." *Id.* at 4 (citing *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988)). Magistrate Judge Youchah properly identifies that federal law does not permit state officers to be sued in their official capacity for monetary damages for past harms, which is what the plaintiff attempts here. *Id.*

  Her second recommendation is that the Fifth Amendment claims against all LVMPD officers in their official capacities be dismissed with prejudice. As Magistrate Judge Youchah

also properly concludes, in order to state a claim alleging a violation of the Fifth Amendment, a plaintiff must make allegations against federal actors. *Id.* at 8-9. "The Due Process Clause of the Fifth Amendment and the equal protection component thereof, apply only to the actions of the federal government—not to those of local or state governments." *Id.* (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) (citation omitted)). The plaintiff thus cannot prevail on this claim because LVMPD officers are not federal actors.

The final recommendation grants Bates leave to file an amended complaint to demonstrate sufficient facts to establish relief on (1) claims against LVMPD under *Monell*, (2) Fourth Amendment claims against all LVMPD officers, and (3) the Fourteenth Amendment Equal Protection claims against all LVMPD officers in their individual capacities. *Id.* at 11.

Since the allegations are sufficient to plead that Detective M. O'Halloran and Sergeant S. Perry knowingly used unreasonable force, Bates' Fourth Amendment excessive force claims will proceed as discussed in the R&R. *Id.* at 11-12. Based on my consideration of the record, lack of objections, and the law, I find Magistrate Judge Youchah's R&R well-reasoned and neither clearly erroneous nor contrary to the law.

**II.    Conclusion**

IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation **(ECF No. 10) is ADOPTED** in its entirety.

IT IS FURTHER ORDERED that plaintiff's claims seeking money damages against the LVMPD officers in their official capacities from the original complaint are DISMISSED with prejudice because these claims are barred by the Eleventh Amendment.

IT IS FURTHER ORDERED that plaintiff's Fifth Amendment claims against all LVMPD officers from the original complaint are DISMISSED with prejudice, as amendment is futile.

IT IS FURTHER ORDERED that plaintiff's Section 1983 claim against LVMPD under *Monell*, Fourth Amendment claims against thirteen LVMPD officers, and Fourteenth Amendment Equal Protection claim against all LVMPD officers in their individual capacities from the original complaint are DISMISSED with leave to amend.

Although Bates has already filed an amended complaint, consistent with the R&R, IT IS HEREBY ORDERED that the Fourth Amendment excessive force claims against Detective O'Halloran and Sergeant S. Perry, may proceed.

IT IS SO ORDERED.

DATED: October 14, 2022

_____
Cristina D. Silva
United States District Judge