UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES E. BATES,<br><br>              Plaintiff,<br><br>     v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>              Defendants. | Case No. 2:22-cv-00957-CDS-EJY<br><br>**ORDER and<br>REPORT AND RECOMMENDATION**<br>Re:  ECF No. 16<br>**Plaintiff's First Amended Complaint** |

This matter is before the Court for screening of Plaintiff's First Amended Complaint (the "FAC"). ECF No. 16. Plaintiff was granted *in forma pauperis* status on September 21, 2022. ECF No. 10.

**I.     SCREENING THE COMPLAINT**

In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *id.*)

**II.    DISCUSSION**

   A.    Background Facts.

Plaintiff contends on August 21, 2020, he was shopping with his girlfriend at a Family Dollar store.  ECF No. 16 at 7.  Plaintiff was unarmed and in the process of carrying several items to the cash register when, according to Plaintiff, he was assaulted by three members of Las Vegas

Metropolitan Police Department (the "LVMPD" or the "Department") including Detective Mack O'Halloran, Detective J. Alessio, and Sergeant S. Perry. *Id.*[1] Plaintiff further avers that thirteen other members of the LVMPD—B. Moore, A. Hawkins, E. Stafford, S. McGrill, J. Pappab, J. Marin, J. Beckerle, T. Faller, M. Magsaysay, J. Cortez, A. Salgado, T. Ivie, and J. Strumillo—were instructed to enter the store to ensure Plaintiff's arrest was executed by any means. *Id.* Plaintiff says these thirteen LVMPD Officers looked on as the assault occurred, but failed to intercede. *Id.*

Plaintiff alleges that Sergeant Perry instructed Detective O'Halloran, his subordinate, "to double up the taser so they would be able to inflict the maximum amount of pain on [Plaintiff]," after which O'Halloran tased Plaintiff in the back. *Id.* O'Halloran allegedly taunted Plaintiff as he tased Plaintiff a second time. *Id.* As a result of the second tasing, Plaintiff contends he soiled himself, bit through his tongue, and banged his head. *Id.* at 8. Plaintiff accuses O'Halloran, Alessio, and Nahum of laughing while Plaintiff was subjected to this treatment. *Id.* at 8. Plaintiff states that while shackled, the law enforcement officers dragged him across the floor and placed him on his feet with two taser prongs still in his back. *Id.* Plaintiff asserts that throughout the entire episode, the remaining LVMPD officers stood by and failed to intercede as they were required to do under the LVMPD's Use of Force Policy 3.110 (the "Policy"). *Id.* at 7.

After Plaintiff was walked out of the store, Plaintiff contends O'Halloran, under the supervision of Perry, pulled the taser prongs from Plaintiff's back, but refused Plaintiff the opportunity to receive medical attention from paramedics on scene. *Id.* at 8. Sometime later, LVMPD's Internal Affairs Bureau interviewed Plaintiff and asked whether the officers had identified themselves prior to engaging him. *Id.* Plaintiff said no. *Id.* Plaintiff avers he was subsequently transported to the Clark County Detention Center ("CCDC") where he was again denied medical care after requesting attention from the on duty nurse. *Id.* As a result of these events, Plaintiff alleges he suffers from lifelong injuries that impair his ability to perform his work duties as a construction worker and to enjoy his hobbies and other daily activities. *Id.* at 10.

---

[1] Detective E. Nahum is alleged to have approached Plaintiff, but not to have participated in the physical assault. *Id.*

2

Plaintiff asserts four claims against Defendants. Although it is not entirely clear against which Defendant(s) each claim is brought, the Court analyzes all claim against every named Defendant. First, Plaintiff accuses Defendants of violating his Fourth Amendment rights against unreasonable seizure, excessive force, and cruel and unusual punishment. *Id.* at 9. Second, Plaintiff alleges Defendants violated his rights under the Nevada Constitution guaranteeing a right to privacy. *Id.* at 8. Third, Plaintiff alleges Defendants violated his rights to equal protection and due process under the Fourteenth Amendment. *Id.* at 10. Finally, Plaintiff argues Defendants deprived him of his rights to receive medical care. *Id.* Plaintiff requests: (1) a trial by jury, (2) $2,000,000 in compensatory damages, (3) $4,000,000 in punitive damages, (4) $2,000,000 in damages for mental and emotional distress, (5) $2,000,000 for pain and suffering, and (6) injunctive relief via a change in the LVMPD's taser policy. *Id.* at 11.

  B. <u>The Court Recommends Plaintiff's Section 1983 Claims Against The LVMPD Be Dismissed With Prejudice</u>.

To state a claim under 42 U.S.C. § 1983 against the LVMPD, Plaintiff must allege a constitutional violation arising out of an official department policy, practice, or custom. *Monell v. Department of Social Services of N.Y.*, 436 U.S. 658, 690 (1978); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138-39 (9th Cir. 2012); *Clouthier v. County. of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010). "First, a local government may be held liable 'when implementation of its official policies or established customs inflicts the constitutional injury.'" *Clouthier*, 591 F.3d at 1249 (quoting *Monell*, 436 U.S. at 708 (Powell, J. concurring)). "Second, under certain circumstances, a local government may be held liable under § 1983 for acts of omission, when such omissions amount to the local government's own official policy." *Id.* "Third, a local government may be held liable under § 1983 when 'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Id.* at 1250 (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992)).

A single act by a non-policymaking official does not show the existence of a policy, custom, or practice. *Rivera v. County of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014). A municipal

3

defendant may not be sued solely because an injury was inflicted by one of its employees or agents. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). "Only if a plaintiff shows that his injury resulted from a 'permanent and well settled' practice may liability attach for injury resulting from a local government custom." *McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000) (citation omitted). The *Iqbal/Twombly* pleading standard applies to *Monell* claims. *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012).

Here, Plaintiff's Section 1983 claim against the LVMPD fails because he alleges no facts supporting the assertion that the Department implemented an official policy or established a custom of inflicting a constitutional injury. Plaintiff also does not allege an omission or that any individual who allegedly committed the constitutional tort was an official with final policy-making authority or that such official ratified a subordinate's unconstitutional conduct. Instead, Plaintiff alleges that while O'Halloran, Alessio, and Perry engaged with Plaintiff, others "failed to intervene and prevent the excessive use of force" all in violation of the Policy. ECF No. 16 at 7.

Plaintiff's allegation does not state a claim against LVMPD under *Monell*. As pleaded, Plaintiff alleges that LVMPD officers violated his rights in contravention of the official Policy meant to protect citizens from excessive force. That is, Plaintiff claims the officers violated an otherwise constitutional policy. Given Plaintiff's allegation cannot be amended to state a claim under *Monell,* the Court recommends Plaintiff's claim against the LVMPD be dismissed with prejudice.

C.    Plaintiff's Fourth Amendment Claims.

Government officials do not enjoy sovereign immunity under the Eleventh Amendment as individuals and, therefore, money damages may be recovered from such officials if they are sued in their personal capacities. *Ruley v. Nevada Board of Prison Com'rs*, 628 F.Supp. 108, 110 (D. Nev. 1986). Plaintiff alleges Detectives O'Halloran, Alessio, Nahum, and Sergeant Perry used excessive force to effect his arrest and that the excessive force constitutes a violation of his Fourth Amendment right to protection from an unreasonable seizure. ECF No. 16 at 9.

The Fourth Amendment guarantees a citizen's right to be free from "unreasonable searches and seizures." U.S. CONST. amend. IV. The "reasonableness" of a particular seizure, including an arrest of a person, "depends not only on *when* it is made, but also on *how* it is carried out." *Graham*

v. *Connor*, 490 U.S. 386, 395 (1989) (internal citations omitted, emphasis in the original). The relevant inquiry is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Id*. at 397 (internal citations omitted).

When determining the reasonableness of a seizure effected by force, a court must balance the "nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake." *Miller v. Clark Cnty.*, 340 F.3d 959, 964 (9th Cir. 2003) (internal citation and quotation marks omitted). Courts evaluate the strength of the government's interest in using force by examining three nonexclusive factors: "(1) whether the suspect poses an immediate threat to the safety of the officers or others, (2) the severity of the crime at issue, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight." *Glenn v. Washington Cnty.*, 673 F.3d 864, 872 (9th Cir. 2011), *citing Graham*, 490 U.S. at 396. The most important factor in assessing the reasonableness of a seizure is whether the individual posed an immediate threat to the safety of the officers or others. *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010) (internal citation and quotation marks omitted).

These factors are not exclusive; rather, courts "examine the totality of the circumstances and consider whatever specific factors may be appropriate in a particular case…." *Id*. (internal quotation marks and citation omitted). For example, the "quantum of force" used to arrest a suspect may constitute such a relevant factor. *Luchtel v. Hagemann*, 623 F.3d 975, 980 (9th Cir. 2010). "Courts may also consider the availability of alternative methods of capturing or subduing a suspect." *Davis v. City of Las Vegas*, 478 F.3d 1048, 1054 (9th Cir. 2007) (citation omitted).

    1.  Detective O'Halloran

Construing the facts in the light most favorable to Plaintiff at this stage of proceedings, the Court finds Plaintiff states a facial violation of the Fourth Amendment's prohibition against excessive force. Plaintiff says he was in the process of bringing items to a cash register for purchase in a Family Dollar store when, without warning or evidence that Plaintiff posed a threat to the officers or to the public, Detective O'Halloran tased Plaintiff in the back. Plaintiff says that while he was on the ground and barely conscious, O'Halloran taunted and tased him again. These allegations plead a facial claim of excessive force. That is, as alleged, no crime was being committed and Plaintiff

5

posed no threat to the safety of officers or the public. The facts as pleaded do not support the conclusion that Plaintiff was resisting arrest. Given the circumstances described, no reasonable law enforcement officer would presume Plaintiff presented an immediate threat. Similarly, once Plaintiff was tased and on the floor, the allegation of a second tase states an excessive force claim.

With respect to Plaintiff's claim that he was denied reasonable post arrest care, this too states a facial violation of the Fourth Amendment. *Espinoza v. Cal. Highway Patrol*, Case No. 1:16-cv-00193-DAD-JLT, 2016 WL 4943960, at *3 (E.D. Cal. Sept. 16, 2016) (citing *Tatum v. City and Cnty. of San Francisco*, 441 F.3d 1090, 1098-99 (9th Cir. 2006)). An officer may satisfy his obligation to provide such care "by either promptly summoning the necessary medical help or by taking the injured detainee to a hospital." *Tatum*, 441 F.3d at 1099. "Whether the officers acted reasonably and were sufficiently 'prompt' depends in part on the length of the delay and the seriousness of the need for medical care." *Holcomb v. Ramar*, Case No. 1:13-cv-1102-AWI-SKO, 2013 WL 5947621, at *4 (E.D. Cal. Nov. 4, 2013). Here, Plaintiff accuses O'Halloran of acting unreasonably when he allegedly deprived Plaintiff of medical attention after being tased twice. Plaintiff alleges his injuries were visible and that the taser prongs were still in his back. On their face, these facts are sufficient to allege Plaintiff needed medical attention and that O'Halloran's alleged denial of that care violated the Fourth Amendment right to post arrest care.

        2.       *Sergeant Perry*

Plaintiff accuses Sergeant Perry of (1) ordering Detective O'Halloran to "double up the taser" to maximize the pain inflicted on Plaintiff, and (2) supervising all actions of the detectives as they assaulted Plaintiff at the Family Dollar store. ECF No. 16 at 7-8. Sergeant Perry may be held liable "for the acts of his subordinates if the supervisor participated in or directed the violations or knew of the violations [of subordinates] and failed to act to prevent them." *Preschooler II v. Clark County School Bd. Of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007) (internal quotation omitted). Applying the standard established in *Preschooler II*, given the Court's finding that Plaintiff states an excessive force claim against O'Halloran, Plaintiff's Fourth Amendment claim against Sergeant Perry is sufficiently pleaded to also state a claim.

### 3. Remaining Individual Officers

"[P]olice officers have a duty to intercede when their fellow officers violate the constitutional right[s] of a suspect or other citizen." *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000). Thus, "[i]f an officer fails to intervene when fellow officers use excessive force, despite not acting to apply the force, he [or she] would be responsible for violating the Fourth Amendment." *Garlick v. Cnty. of Kern*, 167 F. Supp. 3d 1117, 1161 (E.D. Cal. 2016). To state this claim "a plaintiff must provide specific plausible factual allegations demonstrating that the defendant officer had 'a realistic opportunity' to intercede." *Sanders v. Los Angeles Cnty.*, Case No. SV 17-8843-AB (KS), 2018 WL 10466829, at *2 (C.D. Cal. Nov. 8, 2018) (quoting *Cunningham*, 229 F.3d at 1289). This "inquiry is specific to the individual defendant." *Adams v. Kraft*, Case No. 5:10-cv-00602-LHK, 2011 WL 3240598, at *21 (N.D. Cal. July 29, 2011).

Plaintiff accuses thirteen LVMPD officers of doing nothing while Plaintiff's Fourth Amendment rights were violated.[2] ECF No. 16 at 9. However, Plaintiff does not include sufficient facts demonstrating any one or more of these officers had a "realistic opportunity" to intercede. Plaintiff states in conclusory fashion that they all "failed to intervene and prevent the excessive use of force being applied as is required under the LVMPD TASER Policy." *Id.* There are no facts describing where each or any officer stood in relation to the acts in which O'Halloran and Perry were involved or how any particular officer could have interceded in those acts. With respect to Detectives Alessio and Nahum, Plaintiff's claims only that they were allegedly laughing while Plaintiff was being tased. This single factual assertion, even if assumed true for purposes of screening, does not state a Fourth Amendment failure to intercede claim. Based on the foregoing, the Court recommends Plaintiff's Fourth Amendment claim against the Remaining Individual Officers be dismissed without prejudice and with leave to amend.

### D. Plaintiff Fails To State A Right To Privacy Claim Under The Nevada Constitution.

Plaintiff contends Defendants violated his right to privacy guaranteed by the Nevada Constitution. ECF No. 16 at 8. The Nevada Constitution states it is "[t]he right of the people to be

---

[2] The thirteen include B. Moore, A. Hawkins, E. Stafford, S. McGrill, J. Pappab, J. Marin, J. Beckerle, T. Faller, M. Magsaysay, J. Cortez, A. Salgado, T. Ivie, and J. Strumillo. These officers, along with Detectives J. Alessio and E. Nahum, are referred to herein as the "Remaining Individual Officers."

secure in their persons, houses, papers and effects against unreasonable seizures and searches shall not be violated….ial" Nev. Const. art. 1 § 18.  The Nevada Supreme Court has interpreted this provision to confer "protection against unreasonable invasions of privacy … by the government." *Mack v. Williams*, 522 P.3d 434, 442 (Nev. 2022), *citing Hiibel v. Sixth Judicial Dist. Court*, 59 P.3d 1201, 1204 (Nev. 2002) (internal quotation marks omitted).  Analysis of claims made under Article 1, Section 18 of the Nevada Constitution are construed to mirror the analysis of Fourth Amendment privacy claims.  *Edwards v. Estill*, Case No. 2:19-cv-01268-GMN-VCF, 2020 WL 6286233, at *4 (D. Nev. Oct. 26, 2020); *Meisler v. Chrzanowski*, Case No. 3:12-cv-00487-MMD-WGC, 2015 WL 6123225, at *1 n.2 (D. Nev. Oct. 16, 2015); *Cortes v. State*, 260 P.3d 184, 190-91 n.6 (D. Nev. 2011).

Here, Plaintiff's only allegation in support of this claim states a conclusion; that is, he suffered a "violation of the Nevada Constitution's right to privacy provision."  Plaintiff fails to allege any facts implicating the "[t]he touchstone of [the] Fourth Amendment analysis" applicable to "whether a person has a constitutionally protected reasonable expectation of privacy." *California v. Ciraolo*, 476 U.S. 207, 211 (1986), *citing Katz v. United States,* 389 U.S. 347, 360 (1967) (Harlan, J., concurring).  Plaintiff's conclusory statement is insufficient to state a claim.

After two attempts to plead his claims, Plaintiff asserts no facts supporting or suggesting that he suffered any invasion of his person or property during his encounter with the LVMPD officers.  When considering whether a complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.  *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id*.  The Court recommends Plaintiff's Right to Privacy claim under the Nevada Constitution be dismissed without prejudice and without leave to amend.

E. <u>Plaintiff's Fourteenth Amendment Due Process Claim Alleging Excessive Force Asserted Against All LVMPD Officers Should Be Dismissed With Prejudice</u>.

Plaintiff asserts his Fourteenth Amendment rights were violated because the Fourth Amendment's prohibitions is properly asserted against state actors. However, because the Fourth Amendment "provides an explicit textual source of constitutional protection against … physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process' must be the guide for analyzing these claims." *Graham*, 490 U.S. at 395. For this reason, Plaintiff's Fourteenth Amendment Due Process claim, seeking to reassert his Fourth Amendment claims, fails as a matter of law. The Court recommends dismissing Plaintiff's Fourteenth Amendment Due Process claims against all LVMPD officers with prejudice.

F. <u>The Court Recommends Plaintiff's Fourteenth Amendment Due Process Claim Alleging Inadequate Medical Care By Unnamed NaphCare Personnel Be Dismissed Without Prejudice But With Leave To Amend</u>.

Plaintiff contends when he arrived at CCDC, he asked the on duty nurse to examine his injuries but he received no medical care in response. ECF No. 16 at 8. As Plaintiff's allegations concern his pretrial detention (rather than any post conviction incarceration), his allegations of inadequate medical treatment must be analyzed under the due process clauses of the Fifth and Fourteenth Amendments rather than the Eighth Amendment. *Bell v. Wolfish,* 441 U.S. 520, 535 n. 16 (1979). Plaintiff's inadequate medical care claim against the nurse or provider of care at CCDC is inadequate because he pleads no facts demonstrating the health care providers demonstrated deliberate indifference to his injuries. Plaintiff only states the nurse told Plaintiff he would eventually be seen for medical attention, which did not happen. This single allegation is not sufficient to demonstrate deliberate indifference. *Twombly*, 550 U.S. at 555. The Court recommends Plaintiff's Fourteenth Amendment Claim against unnamed Naphcare personnel be dismissed without prejudice but with leave to amend.

G. <u>The Court Recommends Dismissing Plaintiff's Fourteenth Amendment Equal Protection Claim Against All LVMP Officers Without Prejudice But With Leave To Amend</u>.

To state a claim for a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must demonstrate that a defendant acted with an intent or purpose to discriminate against

9

him based on his membership in a protected class.[3] *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). "Intentional discrimination means that a defendant acted at least in part *because* of a plaintiff's protected status." *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994) (internal citation omitted) (emphasis in original).

Plaintiff's conclusory allegations that Defendants violated his rights under the Equal Protection Clause of the Fourteenth Amendment is insufficient to state a claim. ECF No. 16 at 8, 10. Plaintiff does not identify a membership in any protected class or allege any facts suggesting Defendants "acted with an intent or purpose to discriminate." *Barren*, 152 F.3d at 1194. Even if liberally construed, Plaintiff's conclusory allegations of official participation in civil rights violations are insufficient to state a Section 1983 claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). As such, the Court recommends Plaintiff's Fourteenth Amendment Equal Protection claim against the LVMPD officers be dismissed without prejudice but with leave to amend.

### III. ORDER

IT IS HEREBY ORDERED that Plaintiff's Fourth Amendment excessive force claim against Detective M. O'Halloran and Sergeant S. Perry may proceed.

IT IS FURTHER ORDERED that Plaintiff's Fourth Amendment failure to provide medical care claim against Detective O'Halloran may proceed.

IT IS FURTHER ORDERED that the Clerk of Court must issue summonses for Defendants M. O'Halloran and S. Perry and deliver the same to the U.S. Marshal for service together with two copies of the First Amended Complaint (ECF No. 16) and two copies of this Order for service on these Defendants.

IT IS FURTHER ORDERED that the Clerk of Court must send to Plaintiff two (2) USM-285 forms together with a copy of this Order.

---

[3] "[A] claim for substantive due process violations arising under the Fourteenth Amendment would be inappropriate where the Fourth Amendment is applicable, but claims arising under the Fourteenth Amendment for violations of . . . equal protection are not foreclosed." *Belch v. Las Vegas Metropolitan Police Dept.*, Case No. 2:10-cv-00201-GMN-LRL, 2011 WL 1070175, at *3 (D. Nev. Mar. 21, 2011), *citing Sanders v. City of San Diego*, 93 F.3d 1423, 1428 (9th Cir.1996); *Klarfeld v. United States*, 944 F.2d 583, 586–88 (9th Cir.1991).

IT IS FURTHER ORDERED that Plaintiff must complete the USM-285 forms for Defendants O'Halloran and S. Perry, to the best of his ability, and return the same to the Clerk's Office by mail no later than **April 14, 2023**.

IT IS FURTHER ORDERED that upon receipt, the Clerk's Office must file the USM-285 forms under seal and deliver copies of the same to the U.S. Marshal Service.

IT IS FURTHER ORDERED that the U.S. Marshal Service shall attempt to effect service of the summonses, Complaint, and this Order on Detective M. O'Halloran and Sergeant S. Perry no later than fifteen (15) days after receipt of the completed USM-285 forms.

IT IS FURTHER ORDERED that once Plaintiff receives a copy of the USM-285 forms from the U.S. Marshal showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying which defendant(s) were served and which were not served, if any.  If Plaintiff wishes to have service again attempted on an unserved defendant(s), then a motion must be filed with the Court identifying the unserved defendant(s) and specifying a more detailed name and/or address for said defendant(s), or whether some other manner of service should be attempted.

IT IS FURTHER ORDERED that Plaintiff will serve upon Defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court.  Plaintiff will include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Defendants or counsel for the Defendants.  The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the clerk, and any paper received by a district judge, magistrate judge or the clerk which fails to include a certificate of service.

### IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiff's Fourth Amendment claim against the Las Vegas Metropolitan Police Department be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's Fourteenth Amendment Due Process excessive force claim against all LVMPD officers be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's Right to Privacy claim under Article 1, Section 18 of the Nevada Constitution against all Defendants be dismissed without prejudice but without leave to amend.

IT IS FURTHER RECOMMENDED that the following claims asserted by Plaintiff be dismissed without prejudice but with leave to amend **one** more time because, although Plaintiff's current pleading fails to state these claims with sufficient facts to establish relief that may be granted, Plaintiff may be able to amend his FAC to do so:

1. Fourth Amendment failure to intercede claim against the Remaining Individual Officers;

2. Fourteenth Amendment inadequate medical care, due process claim against the unidentified NaphCare nurse; and

3. Fourteenth Amendment Equal Protection against all LVMPD Officers.

IT IS FURTHER RECOMMENDED that Plaintiff be given **one additional opportunity** through and including **April 10, 2023** to file a second amended complaint. Plaintiff is advised that if he chooses to file a second amended complaint it must be complete in and of itself. This means all facts supporting all claims **must** be contained in the second amended complaint. The Court cannot look back to Plaintiff's original Complaints for any purpose because, upon filing a second amended complaint, Plaintiff's original Complaints are nullified. If Plaintiff does not file a second amended complaint on or before **April 10, 2023**, it is recommended the case proceed on claims identified in the Order above.

DATED THIS 13th day of March, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).