UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES E. BATES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>　　　　Defendants. | Case No. 2:22-cv-00957-CDS-EJY<br><br>**ORDER and<br>REPORT AND RECOMMENDATION**<br>Re:  ECF No. 21<br>**Plaintiff's Second Amended Complaint** |

This matter is before the Court for screening of Plaintiff's Second Amended Complaint (the "SAC"). ECF No. 21. Plaintiff was granted *in forma pauperis* status on September 21, 2022. ECF No. 10. The screening standard was stated in the Court's previous Screening Orders at ECF Nos. 10 and 19. It is not repeated here.

**I.    DISCUSSION**

　　A.    Background Facts.

Plaintiff sues the following parties in their official and individual capacities: Sergeants Perry and Ivie, Detectives O'Halloran, Beckerle, Faller, Magsaysay, Cortez, Salgado, Alessio, Nahum, Moore, Hawkins, Stafford, McGrill, Pappab, and Marin, Nurse Strumillo, Clark County, NaphCare, and Doe entities.[1]  ECF No. 21 at 2-7.

Plaintiff alleges that on an unspecified date he was under surveillance by the Las Vegas Metropolitan Police Department ("LVMPD") officers while shopping, unarmed, with his girlfriend in a Family Dollar Store. *Id.* at 7. Plaintiff says that without warning he was tased in the back by the detectives who proceeded to "double up" the force of the taser at the instruction of their superior Sergeant Perry. *Id.* Plaintiff contends the tasing was unjustified because he was not engaged in any provocative or aggressive behavior. *Id.* at 7-8. Plaintiff says that following the initial tasing, as he laid on the floor of the store, O'Halloran asked Plaintiff "how do you like the new taser." *Id.* at 8.

---

[1]    Plaintiff does not provide the first names for CCDC Nurse Strumillo or sixteen LVMPD officers listed as defendants in the SAC.

1

This was followed by tasing Plaintiff a second time. *Id*. Plaintiff says the second tasing resulted in severe pain to his back, a self-bite through his tongue, and self-defecation. *Id*. Plaintiff contends O'Halloran ripped the taser darts from Plaintiff's back causing him additional pain. *Id*. Just before being forced to his feet, Plaintiff says Detectives Alessio and Nahum pushed Plaintiff over on his side and asked him "did you shit yourself"? *Id.*

Plaintiff states the LVMPD detectives prevented Plaintiff from receiving medical care following the tasing. *Id.* Plaintiff alleges numerous officers were present and close enough to intervene when he was twice tased and mocked, but the officers did nothing. These officers include Sergeant Ivie and Detectives Beckerle, Faller, Magsaysay, Cortez, Salgado, Moore, Hawkins, Stafford, McGrill, Pappab, and Marin. *Id.*

Plaintiff claims when he arrived at Clark County Detention Center ("CCDC") he was not permitted to change out of his soiled clothes, and CCDC law enforcement and NaphCare medical personnel, including Nurse Strumillo, provided him with no medical care other than Tylenol despite his obvious need for something more. *Id.* Plaintiff asserts that while in holding at CCDC, he was interviewed by agents from Internal Affairs and informed them that the LVMPD officers in the Family Dollar Store had not identified themselves prior to assaulting him. According to Plaintiff, one of the Internal Affairs agents stated that such behavior by an LVMPD officer was against department policy. *Id.* at 8-9.

Plaintiff contends he sustained and continues to struggle with injuries as a result of the assault in the Family Dollar Store. These injuries include: (1) lacerations on his tongue; (2) recurring headaches; (3) constant pain in his neck; (4) weakness in his lower back leading to difficulty using his legs; (5) humiliation from being tased; and (6) difficulty defecating causing pain, discomfort, and embarrassment. *Id.* at 9. As a result of these injuries, Plaintiff says his personal and professional life was impacted including an impairment of daily activities and the onset of emotional scars. *Id.*

Plaintiff asserts five claims against Defendants. First, Plaintiff accuses Sergeants Perry and Ivie, and Detectives O'Halloran, Beckerle, Faller, Magsaysay, Cortez, Salgado, Alessio, Nahum, Moore, Hawkins, Stafford, McGrill, Pappab, and Marin of violating his Fourth and Fourteenth Amendment rights prohibiting use of excessive force. *Id.* at 9. Plaintiff says all Defendants failed

to follow LVMPD policy when they did not identify themselves to Plaintiff in the Family Dollar Store; did not give Plaintiff any commands before twice tasing Plaintiff; pushed Plaintiff with no provocation; made inappropriate remarks to Plaintiff; and failed to intervene while unlawful conduct occurred in front of them. *Id.* at 14.

Second, Plaintiff alleges all Defendants violated his rights under the Fourteenth Amendment due to Denial of Medical Care and Deliberate Indifference to Serious Medical Needs. *Id.* Plaintiff contends all Defendants were aware of Plaintiff's injuries and had a duty to ensure Plaintiff received treatment and examination by a doctor to determine the extent of those injuries. *Id.* at 14-21. Plaintiff asserts that Clark County is responsible for the failures of the LVMPD officers and CCDC personnel to ensure Plaintiff received the required medical attention. *Id.* at 21. Plaintiff says Clark County authorized the denial of medical treatment to Plaintiff due to financial concerns. *Id.* Plaintiff alleges that Nurse Strumillo was aware of Plaintiff's need for medical care once Plaintiff arrived at CCDC, but failed to treat him in violation of the contract between NaphCare and Clark County. *Id.* Plaintiff says NaphCare is responsible for failing to provide Plaintiff with medical attention. *Id.* at 21-22. Finally, Plaintiff contends Doe and Roe parties employed by Clark County, LVMPD or CCDC share responsibility for the systemic failure to provide Plaintiff with medical attention. *Id.* at 22-23.

Third, Plaintiff's alleges Defendants (1) violated his Fourth and Fourteenth Amendment rights by acting with willful and gross negligence (Count III); and (2) caused him undue physical and emotional pain, suffering, and anxiety (Counts IV and V). *Id.* at 23-39. While Plaintiff uses the words willful, negligence, and gross negligence in "Count III" of his SAC, he makes no reference to any of the elements of a negligence claim. Plaintiff also does not plead intentional or negligent emotional distress. Although the Court liberally construes complaints by incarcerated plaintiffs, the Court will not infer allegations that are not sufficiently stated. *See Goggins v. Housing Urban Dev.*, Case No. 2:21-cv-00655-RFB-NJK, 2021 WL 1600304, at *2 (D. Nev. Apr. 23, 2021), *citing Mile v. Ryan*, Case No. CV 12-1064-PHX-JAT, 2013 WL 3335217, at *6 (D. Ariz. July 2, 2013) ("The Court will not infer a claim where one is not alleged"); *see also Gonzales v. Fresno Sheriff's Dep't*,

Case No. 1:15-cv-001200-BAM (PC), 2017 WL 1353733, at *4 (E.D. Cal. Apr. 12, 2017) ("The Court will not infer factual allegations necessary for Plaintiff to state a claim.").[2]

After considering the totality of Plaintiff's pleading, the Court liberally interprets Plaintiff's SAC as attempting to plead Fourth Amendment Excessive Force and Fourteenth Amendment Deliberate Indifference to Medical Needs against Clark County claims. Plaintiff seeks compensatory and punitive damages in the amount of $2,000,000 assessed jointly or severally against all Defendants, applicable interest at the standard rate, and attorneys' fees and costs. *Id.* at 40.

B. <u>The Court Recommends Dismissing Plaintiff's Section 1983 Claims Against Clark County with Prejudice</u>.

A plaintiff seeking to hold a municipal defendant liable for constitutional violations under Section 1983 cannot do so arguing respondeat superior. Instead, a plaintiff must allege that his constitutional rights were violated pursuant to the defendant's custom, practice, or policy. *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978). Such a claim requires a "direct causal link between a municipal policy or custom and the alleged constitutional violation." *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1075 (9th Cir. 2016) (internal citation omitted) (en banc). An "act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Board of County Commissioners of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404 (1997) (internal citation omitted).

---

[2] Throughout the SAC Plaintiff refers to Doe individuals and Roe entities employed by either Clark County, LVMPD or CCDC who were allegedly involved in violating Plaintiff's constitutional rights. Using a Doe or Roe party as a placeholder in pleadings is generally disfavored in the Ninth Circuit. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir.1999), *citing Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.1980)). While there are exceptions where courts may permit a plaintiff to substitute the name of the Doe or Roe party once the true identity of the defendant is discovered that exception does not apply here because Plaintiff fails to state any facts demonstrating actions taken by unidentified parties in violation of Plaintiff's rights. Plaintiff pleads no actual claims against Doe or Roe defendants. This failure, given this is Plaintiff's third attempt to state cognizable claims, leads the Court to recommend the claims made against the Doe and Roe parties be dismissed without prejudice, but without leave to amend. *Mitchell v. Las Vegas Metropolitan Police Dep't*, Case No. 2:18-cv-00646-RFB-EJY, 2021 WL 808735, at *5 (D. Nev. Mar. 3, 2021) (citation omitted) ("As this is Plaintiff's third time filing his complaint … the Court recommends exercising its discretion to prohibit the filing of a fourth attempt to plead claims."); *see also Harris v. City of Henderson*, Case No. 2:15-cv-0337-GMN-PAL, 2017 WL 4532144, at *3 (D. Nev. Oct. 10, 2017) (denying the plaintiff leave to file an additional amended complaint after plaintiff continuously failed to cure the deficiencies in his pleadings).

Plaintiff sues Clark County alleging violation of his rights established by LVMPD policies covering the appropriate use of force during an arrest and the appropriate level of care an arrestee must be afforded. However, LVMPD, not Clark County, may be held responsible for the actions of its officers and operation of CCDC. *Smith v. Clark County*, Case No. 2:22-cv-981 JCM (EJY), 2022 WL 17721004, at *2 (D. Nev. Dec. 15, 2022), *citing* NRS §§ 211.010, 211.020, 211.030. *See also Dickman v. Clark County*, Case No. 2:21-cv-2243 JCM (NJK), 2022 WL 17669957, at *3 (D. Nev. Dec. 14, 2022) ("Clark County is, by statute, merely a funding entity for CCDC, and it is not responsible for the policies and conduct of the operators."). For this reason, Plaintiff's claims against Clark County fail as a matter of law and are properly dismissed with prejudice.

        C.      <u>Plaintiff's Section 1983 Claims Against the LVMPD Officers and Nurse Strumillo in Their Official Capacities Should be Dismissed with Prejudice.</u>

Plaintiff's claims against the LVMPD officers and CCDC nurse in their official capacities fail as a matter of law. The Eleventh Amendment "bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, *i.e.*, money damages, rather than prospective, *e.g.*, an injunction." *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988) (internal citations omitted). For this reason, Plaintiff's Section 1983 claims for money damages against the LVMPD officers and CCDC nurse in their official capacities are properly dismissed with prejudice.

        D.      <u>The Court Recommends Dismissing with Prejudice Plaintiff's Fourteenth Amendment Due Process Claims Alleging Excessive Force Against All LVMPD Officers.</u>

In five claims Plaintiff contends his Fourteenth Amendment rights were violated when officers used excessive force. However, it is the Fourth Amendment that "provides an explicit textual source of constitutional protection against … physically intrusive governmental conduct … not the more generalized notion of substantive due process" under the Fourteenth Amendment. *Graham v. Connor*, 490 U.S. 386, 395 (1989) (internal quote marks omitted). For this reason, Plaintiff's Fourteenth Amendment Due Process claims alleging excessive force fail as a matter of law. The Court recommends dismissing Plaintiff's Fourteenth Amendment Due Process excessive force claims against all Defendants with prejudice.

E. <u>Plaintiff's Fourth Amendment Claims</u>.

Government officials do not enjoy sovereign immunity under the Eleventh Amendment as individuals and, therefore, money damages may be recovered from such officials if they are sued in their personal capacities. *Ruley v. Nevada Board of Prison Com'rs*, 628 F.Supp. 108, 110 (D. Nev. 1986). The Fourth Amendment guarantees a citizen's right to be free from "unreasonable searches and seizures." U.S. CONST. amend. IV. The "reasonableness" of a particular seizure, including an arrest of a person, "depends not only on *when* it is made, but also on *how* it is carried out." *Graham*, 490 U.S. at 395 (internal citations omitted, emphasis in the original). The relevant inquiry is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Id*. at 397 (internal citations omitted).

When determining the reasonableness of a seizure effected by force, a court must balance the "nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake." *Miller v. Clark Cnty.*, 340 F.3d 959, 964 (9th Cir. 2003) (internal citation and quotation marks omitted). Courts evaluate the strength of the government's interest in using force by examining three nonexclusive factors: "(1) whether the suspect poses an immediate threat to the safety of the officers or others, (2) the severity of the crime at issue, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight." *Glenn v. Washington Cnty.*, 673 F.3d 864, 872 (9th Cir. 2011), *citing Graham*, 490 U.S. at 396. The most important factor in assessing the reasonableness of a seizure is whether the individual posed an immediate threat to the safety of the officers or others. *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010) (internal citation and quotation marks omitted). Ultimately, however, courts "examine the totality of the circumstances and consider whatever specific factors may be appropriate in a particular case…." *Id*. (internal quotation marks and citation omitted). For example, the "quantum of force" used to arrest a suspect may constitute such a relevant factor. *Luchtel v. Hagemann*, 623 F.3d 975, 980 (9th Cir. 2010). "Courts may also consider the availability of alternative methods of capturing or subduing a suspect." *Davis v. City of Las Vegas*, 478 F.3d 1048, 1054 (9th Cir. 2007) (citation omitted).

### 1. Detective O'Halloran

Construing the facts in the light most favorable to Plaintiff at this stage of proceedings, the Court finds Plaintiff states a facial violation against Detective O'Halloran arising from excessive use of force in violation of the Fourth Amendment. While Plaintiff was shopping at a Family Dollar Store Detective O'Halloran tased Plaintiff in the back allegedly without warning or evidence that Plaintiff posed a threat to the officers or to the public. Plaintiff says that while he was on the ground and barely conscious O'Halloran taunted and tased him again. Plaintiff alleges he was committing no crime and he posed no threat to the safety of officers or the public. The facts as pleaded do not support the conclusion that Plaintiff was resisting arrest. Given the circumstances described, no reasonable law enforcement officer would presume Plaintiff presented an immediate threat. Thus, Plaintiff states a facial violation of this Fourth Amendment rights against Detective O'Halloran.

In addition, Plaintiff sufficiently states a claim that Detective O'Halloran denied him reasonable post arrest care. An officer may satisfy his obligation to provide such care "by either promptly summoning the necessary medical help or by taking the injured detainee to a hospital." *Tatum v. City and Cnty. of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006). "Whether the officers acted reasonably and were sufficiently 'prompt' depends in part on the length of the delay and the seriousness of the need for medical care." *Holcomb v. Ramar*, Case No. 1:13-cv-1102-AWI-SKO, 2013 WL 5947621, at *4 (E.D. Cal. Nov. 4, 2013). Detective O'Halloran is alleged to have acted unreasonably when he supposedly deprived Plaintiff of medical attention after tasing Plaintiff twice. Plaintiff says his injuries were visible to Detective O'Halloran after he was tased and pulled to his feet. On their face, Plaintiff alleges sufficient facts to demonstrate he needed medical attention and that Detective O'Halloran's conduct violated Plaintiff's Fourth Amendment right to post arrest care.

### 2. Sergeant Perry

Plaintiff accuses Sergeant Perry of (1) ordering Detective O'Halloran to "double up" the taser to maximize the pain inflicted on Plaintiff, and (2) supervising all actions of the detectives as they assaulted Plaintiff at the Family Dollar Store. ECF No. 21 at 7-8. Sergeant Perry, as the LVMPD officer in charge of Plaintiff's seizure, may be held liable "for the acts of his subordinates if … [he]

participated in or directed the violations or knew of the violations [of subordinates] and failed to act to prevent them." *Preschooler II v. Clark County School Bd. Of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007) (internal quotation omitted). Applying this standard, and given the Court's finding that Plaintiff states an excessive force claim against Detective O'Halloran as directed by Sergeant Perry, Plaintiff's Fourth Amendment excessive force claim against Sergeant Perry may proceed.

However, Plaintiff pleads no facts in support of his claim that Sergeant Perry denied him reasonable post arrest care. Rather, Plaintiff states the conclusion that Perry was aware of Plaintiff's injuries but refused to adhere to LVMPD policy and arrange for Plaintiff to be transported to the emergency room for examination. ECF No. 21 at 14-15. Plaintiff's SAC says nothing about what Sergeant Perry supposedly did or did not do to prevent or interfere with Plaintiff's right to receive medical attention. In the absence of facts to support Plaintiff's conclusion, Plaintiff fails to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For these reasons, the Court recommends dismissing Plaintiff's medical indifference claims against Sergeant Perry without prejudice but without leave to amend as Plaintiff has had three opportunities to state this claim without success.[3]

### 3. Detectives Alessio and Nahum

Plaintiff asserts Detectives Alessio and Nahum "pushed" Plaintiff on his side, laughed at him, and asked him if he had defecated in his pants after he was tased. ECF No. 21 at 8. It is well settled that "not every push or shove, even if it may later seem unnecessary … violates the Fourth Amendment." *Graham*, 490 U.S at 396. Here, Plaintiff's single sentence does not allege sufficient facts to demonstrate that he was pushed in a manner that was unnecessary or excessive. Laughing and asking Plaintiff if he defecated, while inappropriate if this occurred, does not state an excessive force claim. *See Martell v. Las Vegas Metropolitan Police Dep't*, Case No. 2:21-cv-01733-JAD-DJA, 2022 WL 1125380, at *3 (D. Nev. Apr. 13, 2022) ("Verbal harassment or abuse is generally

---

[3] The Court recommends several claims asserted by Plaintiff be dismissed without prejudice but also without leave to amend. In each instance the Court does so the Court relies on case law finding plaintiffs, such as Bates, who are given multiple opportunities to amend be prohibited from filing additional proposed amended complaints. *Mitchell*, 2021 WL 808735, at *5; *Harris*, 2017 WL 4532144, at *3. This is Plaintiff's third attempt to plead claims. The Court recommends Plaintiff be allowed to proceed on his claims against Detective O'Halloran and Sergeant Perry, but not be permitted a fourth attempt to plead claims against other defendants.

8

not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.") (internal quotation marks omitted), *citing Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987); *see also Forte v. Hughes*, Case No. 1:13-cv-01980-LJO-SMS, 2014 WL 2930834, at *8 (E.D. Cal. June 27, 2014) ("[V]erbal harassment alleged to have occurred … is not actionable independent of any physical abuse alleged to have occurred at the same time …. [V]erbal harassment or abuse ... is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983."). The Court finds Plaintiff fails to state a Fourth Amendment Excessive Force violation against Detectives Alessio or Nahum.

Plaintiff also fails to plead a medical indifference against Alessio and Nahum as he asserts only the conclusion that these two detectives were involved in failing to ensure that Plaintiff received adequate medical attention following his encounter with Detective O'Halloran. This conclusion is insufficient to state a claim under the *Twombly* pleading standard.

The Court recommends dismissing Plaintiff's Fourth Amendment excessive force and medical indifference claims against Detectives Alessio and Nahum without prejudice but without leave to amend.

### 4. The Remaining Individual Officers

"[P]olice officers have a duty to intercede when their fellow officers violate the constitutional right[s] of a suspect or other citizen." *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000). Thus, "[i]f an officer fails to intervene when fellow officers use excessive force, despite not acting to apply the force, he [or she] would be responsible for violating the Fourth Amendment." *Garlick v. Cnty. of Kern*, 167 F. Supp. 3d 1117, 1161 (E.D. Cal. 2016). To state this claim "a plaintiff must provide specific plausible factual allegations demonstrating that the defendant officer had 'a realistic opportunity' to intercede." *Sanders v. Los Angeles Cnty.*, Case No. SV 17-8843-AB (KS), 2018 WL 10466829, at *2 (C.D. Cal. Nov. 8, 2018) (quoting *Cunningham*, 229 F.3d at 1289). This "inquiry is specific to the individual defendant." *Adams v. Kraft*, Case No. 5:10-cv-00602-LHK, 2011 WL 3240598, at *21 (N.D. Cal. July 29, 2011).

Plaintiff's accusation against Detectives Alessio, Nahum, and the remaining twelve LVMPD officers asserts these Defendants did nothing while Plaintiff's Fourth Amendment rights were

violated.[4]  ECF No. 21 at 8.  However, Plaintiff pleads no facts demonstrating any one or more of these officers had a realistic opportunity to intercede in alleged conduct by Detective O'Halloran or Sergeant Perry.  A formulaic recitation of the elements of the cause of action is insufficient to state a claim.  *Twombly*, 550 U.S. at 555.  In the absence of any facts alleging where each or any officer was standing or what each or any officer had an opportunity to do when Plaintiff was twice tased, Plaintiff fails to state a failure to intercede claim.  For this reason, the Court recommends Plaintiff's Fourth Amendment failure to intercede claims against Detectives Alessio, Nahum, and the remaining twelve LVMPD officers be dismissed without prejudice but without leave to amend.

   F.   <u>Plaintiff's Fourteenth Amendment Inadequate Medical Treatment Claims</u>.

Plaintiff's allegations concerning his pretrial inadequate medical treatment must be analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment. *Gordon v. County of Orange*, 888 F.3d 1118, 1124–1125 (9th Cir. 2018), *citing Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015).  This claim is evaluated under an objective deliberate indifference standard.  *Id.* (internal citation and quotation marks omitted).  To state a claim, the plaintiff must plead: (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk even though a reasonable official in the circumstances would have appreciated the risk involved, thus making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries.  *Id.*  Plaintiff must plead "something akin to reckless disregard" by the state actor.  *Id.* at 1125.

   1.   *Nurse Strumillo.*

Plaintiff contends when he arrived at CCDC he advised several CCDC medical personnel, including Nurse Strumillo, of his injuries.  ECF No. 21 at 8.  Plaintiff says that for several days the only treatment given was Tylenol, despite written requests for care.  *Id.*  Plaintiff accuses Nurse

---

[4]   The twelve officers include Sergeant Ivie and Detectives Beckerle, Faller, Magsaysay, Cortez, Salgado, Moore, Hawkins, Stafford, McGrill, Pappab, and Marin.

Strumillo of failing to adhere to CCDC and NaphCare policy when she failed to determine the extent of Plaintiff's injuries. *Id.* at 21.

Plaintiff's inadequate medical care claim against Nurse Strumillo fails. Plaintiff pleads no facts to support this claim. Even liberally construed there is no allegation that Nurse Strumillo made an intentional decision to keep Plaintiff in discomfort or that there was any risk Plaintiff faced by virtue of inaction. As alleged, Plaintiff's injuries were the result of being tased not inaction by Nurse Strumillo. Indeed, Plaintiff pleads nothing demonstrating Nurse Strumillo's failure to administer a greater level of health care caused him injury. For these reasons, the Court recommends dismissal of Plaintiff's Fourteenth Amendment Deliberate Indifference to Medical Needs claim against Nurse Strumillo without prejudice but without leave to amend.

        2.       *NaphCare.*

"For purposes of claims brought under § 1983, a private entity like Naphcare is treated as a municipality" and is subject to the *Monell* pleading requirements. *Denson v. Gillespie*, Case No. 2:10-cv-00525-APG-VCF, 2015 WL 56037, at *2 (D. Nev. Jan. 5, 2015); *see Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (holding that "the requirements of *Monell* do apply to suits against private entities under § 1983"). To state a claim against a private entity under *Monell*, a plaintiff must show that (1) the private entity acted under color of state law, and (2) if a constitutional violation occurred, the violation was caused by an official policy or custom of the private entity. *Tsao*, 698 F.3d at 1139.

The Court finds Plaintiff fails to state a colorable claim against NaphCare. Plaintiff alleges no facts in support of his assertion that the failure to treat him was the result of a NaphCare official policy or custom. In fact, Plaintiff states that Nurse Strumillo acted contrary to NaphCare's policy of giving medical care to pretrial detainees such as Plaintiff, thus suggesting NaphCare does not have a policy or custom causing the underlying constitutional violation Plaintiff claims. *See* ECF No. 21 at 21.

For these reasons, the Court recommends dismissal of Plaintiff's Fourteenth Amendment Deliberate Indifference to Medical Needs claim against NaphCare without prejudice but without leave to amend.

## II. ORDER

IT IS HEREBY ORDERED that Plaintiff's Fourth Amendment excessive force claims against Sergeant Perry and Detective O'Halloran may proceed.

IT IS FURTHER ORDERED that Plaintiff's Fourth Amendment failure to provide medical care claims against Detective O'Halloran may proceed.

## III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiff's claims against Clark County be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's claims against all Defendants in their official capacities be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's Fourteenth Amendment Due Process excessive force claim against all LVMPD officers be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's claims against the Doe and Roe parties be dismissed without prejudice but without leave to amend.

IT IS FURTHER RECOMMENDED that Plaintiff's Fourth Amendment failure to provide medical care claim against Sergeant Perry be dismissed without prejudice but without leave to amend.

IT IS FURTHER RECOMMENDED that Plaintiff's Fourth Amendment excessive force, failure to provide medical care and failure to intercede claims against Detectives Alessio and Nahum be dismissed without prejudice but without leave to amend.

IT IS FURTHER RECOMMENDED that Plaintiff's Fourth Amendment failure to intercede claims against Sergeant Ivie and Detectives Beckerle, Faller, Magsaysay, Cortez, Salgado, Moore, Hawkins, Stafford, McGrill, Pappab, and Marin be dismissed without prejudice but without leave to amend.

IT IS FURTHER RECOMMENDED that Plaintiff's Fourteenth Amendment failure to provide medical care claim against Nurse Strumillo be dismissed without prejudice but without leave to amend.

IT IS FURTHER RECOMMENDED that Plaintiff's Fourteenth Amendment failure to provide medical care claim against NaphCare be dismissed without prejudice but without leave to amend.

DATED this 6th day of July, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).