UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| James E. Bates,<br><br>　　　　　　Plaintiff<br><br>　v.<br><br>Las Vegas Metropolitan Police Department, et al.,<br><br>　　　　　　Defendants | Case No.: 2:22-cv-00957-CDS-EJY<br><br>**Order Overruling Objections and Adopting the Magistrate Judge's Report and Recommendation**<br><br>[ECF No. 29, 30, 32] |

　　　　Pro se plaintiff James Bates brings this action alleging civil rights violations against defendant Las Vegas Metropolitan Police Department and several officers. Following a review of Bates' second amended complaint (SAC), Magistrate Judge Elayna J. Youchah recommends that I dismiss parts of Bates' SAC without prejudice and without leave to amend, and dismiss the remainder with prejudice. *See generally*, R&R, ECF No. 29. Bates objects to the R&R, defendants filed a response to Bates' objections, and Bates replied. Obj., ECF Nos. 30, 32[1]; Resp., ECF No. 33; Reply, ECF No.34.[2] Having considered the R& R and objections, I agree with Judge Youchah and hereby adopt the R&R, and overrule Bates' objections.

I.　　**Legal standard**

　　　　"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §

---

[1] Bates timely filed objections to the R&R. *See* ECF Nos. 30, 32. Because the "supplemental" objections encompass Bates' previously filed objections, I consider them here. For ease of reference I only refer to ECF No. 32 for Bates' R&R objections.

[2] Bates filed his reply without first obtaining leave of court, in contravention of the local rules. Responses are allowed but "[r]eplies will be allowed only with leave of the court." *See* LR IB 3-1(a), LR IB 3-2(a). Therefore, Bates' reply will not be considered and is stricken from the record.

636(b)(1)(C); *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."). "When a specific objection is made to a portion of a magistrate judge's report [and] recommendation, the court subjects that portion . . . to a de novo review." *Kenniston v. McDonald*, 2019 WL 2579965, at *7 (S.D. Cal. June 24, 2019) (quoting Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C) (cleaned up)). "To be 'specific,' the objection must, with particularity, identify the portions of the proposed findings, recommendations, or report to which it has an objection and the basis for the objection." *Id.* (citing *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)).

A magistrate judge's order should only be set aside if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014).

II.   Discussion

Bates asserts five claims: (1) he accuses sergeants Perry and Ivie, and detectives O'Halloran, Beckerle, Faller, Magsaysay, Cortez, Salgado, Alessio, Nahum, Moore, Hawkins, Stafford, McGrill, Pappab, and Marin of violating his Fourth and Fourteenth Amendment rights prohibiting use of excessive force; (2) he alleges all defendants violated his rights under the Fourteenth Amendment due to denial of medical care and deliberate indifference to serious medical needs; (3) he alleges defendants violated his Fourth and Fourteenth Amendment rights by acting with willful and gross negligence; (4) and (5) he alleges defendants violated his Fourth and Fourteenth Amendment rights by causing him undue physical and emotional pain, suffering, and anxiety. Judge Youchah liberally construed the SAC as attempting to plead Fourth

Amendment excessive force and Fourteenth Amendment deliberate indifference to medical needs against Clark County claims. R&R, ECF No. 29 at 4.

A. The R&R.

Judge Youchah recommends that: (1) the § 1983 claims against Clark County be dismissed with prejudice; (2) the § 1983 claims against all LVMPD Officers and Nurse Strumillo in their official capacities be dismissed with prejudice; (3) the Fourteenth Amendment Due Process excessive force claim against all LVMPD officers be dismissed with prejudice; (4) the claims against the Doe and Roe parties be dismissed without prejudice but without leave to amend; (5) the Fourth Amendment failure to provide medical care claim against Sergeant Perry be dismissed without prejudice but without leave to amend; (6) the Fourth Amendment excessive force, failure to provide medical care and failure to intercede claims against Detectives Alessio and Nahum be dismissed without prejudice but without leave to amend; (7) the Fourth Amendment failure to intercede claims against Sergeant Ivie and Detectives Beckerle, Faller, Magsaysay, Cortez, Salgado, Moore, Hawkins, Stafford, McGrill, Pappab, and Marin be dismissed without prejudice but without leave to amend; (8) the Fourteenth Amendment failure to provide medical care claim against Nurse Strumillo be dismissed without prejudice but without leave to amend; and (9) the Fourteenth Amendment failure to provide medical care claim against NaphCare be dismissed without prejudice but without leave to amend. *See generally* R&R, ECF No. 29.

B. Bates' objections to the R&R.[3]

As far as the court can discern, Bates has asserted six objections to the R&R, the bulk of which focus largely on his Fourth Amendment claims. *See generally* ECF No. 32. Bates' remaining

---

[3] Bates objects to Judge Youchah's recommendation that his Fourth Amendment claims against Detective O'Halloran and Sergeant Perry "be dismissed without prejudice and with leave to amend." ECF No. 32 at 8. Bates appears to not fully understand the recommendations made by Judge Youchah. The R&R orders that the Fourth Amendment excessive force claims against Sergeant Perry and Detective O'Halloran may proceed. ECF No. 29 at 7–8. As such, I do not address his objections here.

objections are broadly directed at the R&R or raise arguments for the first time.[4] *Id.* The court has reviewed de novo those identifiable portions of the R&R to which Bates has properly objected. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); *Reyna-Tapia*, 328 F.3d at 1121. As part of its review, it also viewed and considered the Bates' manual filing, which are a copies of video surveillance capturing Bates' arrest, as well as two additional recordings containing police radio traffic on the day Bates was arrested.

### 1. *Dismissal of Fourteenth Amendment and Eighth Amendment claims against all LVMPD officers with prejudice.*

Bates objects to the R&R's findings that the Fourteenth Amendment and the Eighth Amendment excessive force claims against all LVMPD officers be dismissed with prejudice. ECF No. 32 at 2–8, 11. The due process clause of the Fourteenth Amendment "protects a pretrial detainee from the use of excessive physical force that amounts to punishment." *Graham v. Connor*, 490 U.S. 386, 388 (1989). Pretrial detention refers to the time period during which a person is incarcerated after being arrested but before trial. *See* 18 U.S.C. § 3142(e)(1). Bates was not a pretrial detainee nor a convicted prisoner at the time of the incident; and he cites to no case law supporting either a Fourteenth Amendment violation or an Eighth Amendment violation under similar circumstances. As identified in the defendants' response, the Eighth Amendment is incompatible to the facts of this case as the amendment only applies to convicted prisoners. *See* ECF No. 33 at 4; *see also Kingsley v. Hendrickson*, 576 U.S. 389, 400–401 (2015). Accordingly, Bates failed to demonstrate that the R&R was clearly erroneous or contrary to the law. The court

---

[4] Although the court has discretion to consider new arguments raised for the first time in response to an R&R, it declines to do so here. *See Martin v. Barnes*, 2015 U.S. Dist. LEXIS 73340, 2015 WL 3561554, *1 (C.D. Cal. June 5, 2015) ("This Court, in its discretion, has declined to consider new evidence and arguments which petitioner seeks to present for the first time in his objections. Indeed, new arguments and factual assertions . . . raised for the first time in objections to the report and recommendation . . . may not be deemed objections at all. The only proper purpose of an objection to an R & R is to identify a specific defect of law, fact, or logic in the Magistrate Judge's analysis. . . . An R & R cannot have analyzed an argument or evidence which the objecting party failed to present prior to its issuance, so a Report's 'failure' to address such arguments or evidence cannot be a defect.") (cleaned up).

finds that the R&R correctly determines that Bates' claims under the Fourteenth Amendment and the Eighth Amendment fail as a matter of law.

### 2. Right of privacy claims.

While Bates' third objection to the R&R opposes dismissing his claims to the right to privacy, he does not assert any alleged violation of his privacy rights in his SAC as a cause of action, nor does the R&R address this issue. ECF No. 32 at 10. A party is not entitled as of right to de novo review of evidence or arguments which are raised for the first time in an objection to the R&R, and the court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621–622 (9th Cir. 2000). As a result, I will not and do not consider Bates' arguments here.

### 3. Dismissal of Fourth Amendment claims against LVMPD and Clark County.

Though Bates objects to the dismissal of the Fourth Amendment excessive force claims against LVMPD and Clark County, he does not point to any error or mistake in the reasoning of the R&R's findings or recommendations. ECF No. 32 at 10. He instead argues that because the officers on the scene equipped with radios could communicate with other officers in the department, those additional officers had a duty to intervene. *Id.* However, officers who are not present at the time of an alleged incident cannot be held liable for failing to intercede. *Cunningham v. Gates*, 229 F.3d 1271, 1290 (9th Cir. 2000), *as amended* (Oct. 31, 2000) (finding that non-present officers cannot be held liable for failing to intercede) (citations omitted). As to Clark County, Bates merely states that it "failed him" too. ECF No. 32 at 10. This is nothing but a bare assertion, devoid of any factual or legal support or citation. This conclusory objection does not require de novo review.[5] Accordingly, Bates' objections are overruled.

---

[5] "While the Ninth Circuit has not yet considered the effect of generalized, blanket, or conclusory objections, several other circuits have such objections do not trigger de novo review." *Rew v. Borders*, 2019 U.S. Dist. LEXIS 98110, at *2–3 (S.D. Cal. June 10, 2019) (collecting cases).

5

### 4. *Dismissal of the Fourteenth Amendment due process claim against NaphCare.*

Bates objects to the R&R's recommendation that his Fourteenth Amendment inadequate-medical-care claims against NaphCare be dismissed without prejudice because he "has proof in the form of paper documents[]" that it denied him proper medical attention. ECF No. 32 at 10. Although Bates attached a copy of a medical request (*id.* at 21), he provides no details regarding this argument. Without more, I find that Bates' vague assertion does not amount to a specific, proper objection for purposes of de novo review. *See* Fed. R. Civ. P. 72(b). Because Bates fails to object with specificity as required by Rule 72, I am permitted to overrule the objection without further analysis, which I do here.

In sum, find Magistrate Judge Youchah's R&R well-reasoned and neither clearly erroneous nor contrary to the law, so I overrule Bates' objections, and adopt the magistrate judge's recommendations. As ordered by Judge Youchah, plaintiff's Fourth Amendment excessive force claims against Sergeant Perry and Detective O'Halloran may proceed; and plaintiff's Fourth Amendment failure to provide medical care claims against Detective O'Halloran may proceed.

### III.  Conclusion

IT IS THEREFORE ORDERED that Bates' objections **[ECF Nos. 30, 32] are OVERRULED**, and the magistrate judge's report and recommendation **[ECF No. 29] is ADOPTED** in its entirety:

1. Bates' claims against Clark County are dismissed with prejudice;
2. Bates' claims against all defendants in their official capacities are dismissed with prejudice;
3. Bates' Fourteenth Amendment due process excessive force claim against all LVMPD officers are dismissed with prejudice;

4. Bates' claims against the Doe and Roe parties are dismissed without prejudice but without leave to amend;

5. Bates' Fourth Amendment failure to provide medical care claim against Sergeant Perry is dismissed without prejudice but without leave to amend;

6. Bates' Fourth Amendment excessive force, failure to provide medical care, and failure to intercede claims against Detectives Alessio and Nahum are dismissed without prejudice but without leave to amend;

7. Bates' Fourth Amendment failure to intercede claims against Sergeant Ivie and Detectives Beckerle, Faller, Magsaysay, Cortez, Salgado, Moore, Hawkins, Stafford, McGrill, Pappab, and Marin are dismissed without prejudice but without leave to amend;

8. Bates' Fourteenth Amendment failure to provide medical care claim against Nurse Strumillo is dismissed without prejudice but without leave to amend; and

9. Bates' Fourteenth Amendment failure to provide medical care claim against NaphCare is dismissed without prejudice but without leave to amend.

IT IS FURTHER ORDERED that Bates' reply [ECF No. 34] is **STRICKEN** from the record.

DATED: January 11, 2024

_____
Cristina D. Silva
United States District Judge