UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JAMES E. BATES,

        Plaintiff,

    v.

LAS VEGAS METROPOLITAN P.D.,

        Defendant.

Case No. 2:22-cv-00957-CDS-EJY

**ORDER**

**AND**

**REPORT AND RECOMMENDATION**
**Re:  ECF No. 53**

Pending before the Court is Plaintiff's Motion for Leave to Amend (ECF No. 53), to which Defendants responded (ECF No. 57) and Plaintiff replied (ECF No. 58).

**I.      Procedural Background**

Plaintiff initiated this action on June 15, 2022 by filing a Civil Rights Complaint together with an application to proceed *in forma pauperis* ("IFP").  ECF Nos.  1, 1-2.  After receiving Plaintiff's complete IFP the Court screened Plaintiff's Complaint under 28 U.S.C. § 1915 entering an Order and Report and Recommendation.  ECF No. 10.  The Court allowed Plaintiff's Fourth Amendment claims against Detective M. O'Halloran and Sergeant S. Perry to proceed.  *Id.* at 10. The Court recommended claims against Las Vegas Metropolitan Police Department ("LVMPD") officers in their official capacities for money damages and Fifth Amendment claims against all LVMPD officers be dismissed with prejudice.  *Id*. at 11.  The Court also recommended Plaintiff's *Monell* claim against the LVMPD, Fourth Amendment claims against all LVMPD officers except against Perry and O'Halloran, and Fourteenth Amendment Equal Protection claims against all LVMPD officers in their individual capacities be dismissed without prejudice and with leave to amend.  *Id*.  The Court gave Plaintiff through and including October 21, 2022 to file an amended complaint.  *Id*.  On October 7, 2022, Plaintiff filed his Amended Complaint.  ECF No. 16.  This Court's recommendations were adopted by the District Judge on October 14, 2022.  ECF No. 17.

Plaintiff's Amended Complaint was screened on March 13, 2023.  ECF No. 19.  The Court allowed Plaintiff's Fourth Amendment excessive force claim against Perry and O'Halloran, and

Fourth Amendment failure to provide medical care claim against O'Halloran to proceed.  *Id*. at 10. The Court recommended Plaintiff's Fourth Amendment claim against LVMPD and Fourteenth Amendment Due Process excessive force claim against all LVMPD officers be dismissed with prejudice.  *Id*. at 11.  The Court further recommended Plaintiff's Right to Privacy claim under Article 1, Section 18 of the Nevada Constitution against all Defendants be dismissed without prejudice but without leave to amend.  *Id*. at 12.  Finally, the Court recommended Plaintiff be permitted to amend the following claims one more time: a Fourth Amendment failure to intercede claim against various LVMPD officers; a Fourteenth Amendment inadequate medical care and due process claim against an unidentified NaphCare nurse; and a Fourteenth Amendment Equal Protection against all LVMPD Officers.  *Id*.

Plaintiff filed a Second Amended Complaint on April 3, 2023.  ECF No. 21.  An Answer was filed by O'Halloran and Perry on May 2, 2023.  ECF No. 25.  On July 6, 2023, the Court issued its third screening order and recommendations (ECF No. 29) again allowing Plaintiff's Fourth Amendment excessive force claim against Perry and O'Halloran and Fourth Amendment failure to provide medical care claim against O'Halloran to proceed.  The Court recommended claims against Clark County, all Defendants in their official capacities, and Fourteenth Amendment Due Process excessive force claim against all LVMPD officers be dismissed with prejudice.  *Id*. at 12.  The Court further recommended the following claims be dismissed without prejudice and without leave to amend: the Fourth Amendment failure to provide medical care claim against Perry; the Fourth Amendment excessive force failure to provide medical care and failure to intercede claims against Detectives Alessio and Nahum; the Fourth Amendment failure to intercede claims against Sergeant Ivie and Detectives Beckerle, Faller, Magsaysay, Cortez, Salgado, Moore, Hawkins, Stafford, McGrill, Pappab, and Marin; the Fourteenth Amendment failure to provide medical care claim against Nurse Strumillo; and the Fourteenth Amendment failure to provide medical care claim against NaphCare.  *Id*. at 12-13.  The Court's recommendations were adopted in full on January 12, 2024.  ECF No. 36.  It was at this point the claims asserted by Plaintiff, in his *pro se* capacity, appeared to be finalized.

A discovery plan and scheduling order was entered by the Court on April 15, 2024.  ECF No. 39.  Discovery in this matter does not close until October 14, 2024, and the last day to file a motion to amend was July 16, 2024.  *Id*.  On June 14, 2024, Counsel for Plaintiff, Adam Breeden made his appearance.  ECF No. 47.  On that same day Mr. Breeden timely filed his Motion for Leave to Amend.  ECF No. 53.

## II.     The Parties' Arguments

Plaintiff, through his retained counsel, seeks to file a second (really third) amended complaint to clean up Plaintiff's prior *pro se* filings, add two defendants previously dismissed without prejudice, add state law battery and negligence claims, and assert a claim under the Nevada Constitution.  ECF No. 53-1.  Plaintiff says there are now a total of four defendants—all previously named—and three new claims all of which should be allowed given the liberal amendment standard established under Fed. R. Civ. P. 15.  Plaintiff recognizes two of the new defendants were previously dismissed without prejudice and without leave to amend; however, he argues the Court has the inherent authority to modify its interlocutory orders.

Defendants argues (1) the Court entered orders dismissing two of the now named defendants without leave to amend, (2) the amendment sought is unduly delayed, and (3) certain claims asserted by Plaintiff are futile under Nevada's claims notice statute (NRS 41.036(2)).  Defendants also contend they will suffer undue prejudice if Plaintiff is permitted to proceed against previously dismissed defendants.

In reply, Plaintiff argues that discovery, coupled with the addition of counsel, has allowed him to articulate all his claims more clearly and succinctly.  Plaintiff points out that the Motion for Leave to Amend is timely under the discovery plan and scheduling order and no request to extend discovery or motion practice is made.  Plaintiff avers that Nevada's claims notice statute, while applicable to LVMPD (albeit not a condition precedent to filing suit), is not applicable to the individual defendant officers.  Finally, Plaintiff takes issue with Defendants' prejudice argument asserting the proposed amended complaint, although adding causes of action, is based on facts already well known to Defendants and the prior dismissals were without prejudice (albeit also without leave to amend).

1

### III.     Discussion

Federal Rule of Civil Procedure 15 governs the amendment of pleadings.  In relevant part, Rule 15(a)(1) allows a party to "amend its pleading once as a matter of course … 21 days after serving it."  If Rule 15(a)(1) does not apply, the party seeking to amend must obtain the opposing party's written consent or the Court's leave to file the amended pleading.  Fed. R. Civ. P. 15(a)(2).  A motion for leave to amend brought under Rule 15(a)(2) should be granted freely "when justice so requires."  If a party seeks court permission to file an amended pleading, the decision whether to grant leave "lies within the sound discretion of" the court.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185–86 (9th Cir. 1987) (internal citation omitted).  The amendment standard is "applied with extreme liberality."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).  When considering whether to grant or deny a motion seeking leave to amend a pleading, the Court considers whether there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."  *Id.* at 1052 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  When considering these factors, the Court should make all inferences in favor of granting the motion.  *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir.1999).

### A.     <u>Futility</u>.

Defendants contend that granting leave to amend allowing Plaintiff to assert a Nevada constitutional and state law tort claim is futile.  Futility of amendment is "analyzed under the same standard of legal sufficiency as a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."  *Richmond v. Mission Bank*, Case No. 1:14-cv-00184 JLT, 2014 WL 6685989, at *5 (E.D. Cal. Nov. 26, 2014).  "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

> i.    *Nevada's Claims Notice Statute does not apply to individual defendants, but does apply to LVMPD.*

Nevada's claims notice statute at NRS 41.036(2) states: "Each person who has a claim against any political subdivision of the State[, such as LVMPD,] arising out of a tort must file the claim within 2 years after the time the cause of action accrues with the governing body of that political subdivision."  As explained by the Ninth Circuit in *Scafidi v. Las Vegas Metro. Police Dep't*, 966 F.3d 960, 965 (9th Cir. 2020), "[t]he claim statute bars claims against 'political subdivision[s] of the State' only.  …  It does not bar … [a plaintiff's] claims against … individual defendants … sued in their individual capacity." (Internal citation omitted.)  Defendants' argument regarding the futility of Plaintiff's state law claims asserted against LVMPD is discussed below.  Defendants' argument that NRS 41.036 bars Plaintiff's claims asserted against the four individual defendants named in this case fails as a matter of law.

> ii.    *Plaintiff's amended claims are barred against LVMPD.*

The Court first finds compliance with NRS 41.036(2)'s requirement that a claim be filed with the governing body of a political subdivision may be met by serving a complaint.  *Derouen v. City of Reno*, 491 P.2d 989, 991 (Nev. 1971) ("Substantial compliance with statutory requirements is sufficient").  The Court further finds substantial compliance may be achieved when an amended complaint "relates back to the original Complaint …."  *Mitchell v. City of Henderson*, Case No. 2:13-cv-01154-APG-CWH, 2015 WL 427835, at *20 (D. Nev. Feb. 2, 2015).  However, as explained in *Zaic v. Las Vegas Metro. Police Dept.*, 2:10-cv-01814-PMP-GWF, 2011 WL 884335, at *5 (D. Nev. Mar. 11, 2011) (unpublished), a plaintiff's failure to meet the explicit two-year period set forth in NRS § 41.036(2) is not cured through substantial compliance when service of the complaint occurs after the two-year period expired.  *See also James v. City of Henderson*, Case No. 2:19-CV-1207 JCM (BNW), 2020 WL 5775752, at *5 (D. Nev. Sept. 28, 2020) (timely filing of the complaint within the 2 years, but failure to serve within the 2-year deadline warrants dismissal under the statute).

Here, Plaintiff's original excessive force claim under the Fourth Amendment of the U.S. Constitution was asserted against LVMPD.  ECF No. 1-2.  That claim was dismissed without

prejudice and with leave to amend.  ECF Nos. 19, 24.  Plaintiff's current allegations, while clearer, do not change the fundamental facts with respect to his excessive force claim now also asserted under the Nevada constitutions—that is, Defendants alleged preemptive double tasing of Plaintiff in the back while shopping in a Dollar Tree store.  Thus, the Court finds the Nevada Constitution excessive force claim arises from a common core of operative facts and relates back to Plaintiff's original Complaint.  However, while the facts and, therefore, the claim relate back, there is no evidence Plaintiff gave notice of this claim to LVMPD until sometime in June 2024 given LVMPD did not appear in the case before June 25, 2024 when it requested to extend the due date for a responsive pleading to Plaintiff's Second Amended Complaint (ECF No. 51).  ECF No. 55.  The Court found no precedent that allows constructive notice of a claim to satisfy NRS 41.036(2).  Accordingly, the Court finds Plaintiff's excessive force claim under the Nevada Constitution asserted against LVMPD is barred by the State's claims notice statute.  For this same reason—that is, no timely notice to LVMPD—Plaintiff's battery and negligence claims against LVMPD are barred.

> iii.   *Plaintiff's claims against individual defendants relate back to Plaintiff's original Complaint and, therefore, may proceed.*

The language of the statute and case law interpreting that language makes clear that NRS 41.036(2) does not apply to, and therefore cannot bar, Plaintiff's amended claims against the defendant officers employed by LVMPD but sued in their individual capacities.  The Court nonetheless considers the impact of Federal Rule of Civil Procedure 15(c)(1)(B) on Plaintiff's newly asserted claims.  As stated above, under Rule 15(c)(1)(B) "[a]n amendment to a pleading relates back to the date of the original pleading when ... the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  Importantly, "[a]mended claims brought outside the limitations period are precluded from dismissal if they relate back to the same 'common core of operative facts.'"  *Mitchell*, 2015 WL 427835, at *10 *citing Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008).

Here, Plaintiff argues his mistitled, proposed second amended complaint (the "proposed SAC") includes a Nevada constitutional excessive force claim that parallels the 42 U.S.C. § 1983

Fourth Amendment excessive force claim previously asserted and allowed to proceed against Perry and O'Halloran.  ECF No. 53 at 2.  Importantly, Defendants admit they "are not challenging Plaintiff's right to submit an amended complaint asserting Fourth Amendment excessive force claims against" these two defendants.  ECF No. 57 at 4-5.  Thus, this claim may proceed.

Further, given that Defendants are not challenging Plaintiff's amended Fourth Amendment excessive force claim, and the facts underlying the Fourth Amendment claim are identical to the facts underlying Plaintiff's proposed Nevada constitutional excessive force claims, Plaintiff's Nevada constitutional excessive force claim relates back to Plaintiff's original pleading.  *See* ECF Nos. 1-2 and *compare* 53-1.  Thus, Plaintiff's Nevada constitutional excessive force claim pleaded in the proposed SAC asserted against Perry and O'Halloran may proceed.

Similarly, there is also no doubt that the excessive force allegations against Ivie and Faller asserted under the federal and state constitutions arise out of the same core and operative facts as those asserted against Perry and O'Halloran—a claim the Court originally and has always allowed to proceed.  ECF Nos. 10, 19, 29 *compare* ECF No. 53-1.  Ivie and Fuller were named in Plaintiff's Fourth Amendment claims based on their failure to intercede in conduct engaged in by Perry and O'Halloran.  ECF No. 1-2 at 8; ECF No. 16 at 9; 21 at 8-9.  That these two Defendants were previously dismissed without prejudice and without leave to amend does not prevent these claims from proceeding.

First, of course, there is no dispute that a dismissal without prejudice means Plaintiff may reassert a claim the Court previously dismissed.  *Cadkin v. Loose*, 569 F.3d 1142, 1148 (9th Cir. 2009).  Second, while the dismissal without prejudice included no leave to amend, the Court did not find futility or otherwise base its ruling on law barring the claims.  Instead, Plaintiff, who was then proceeding without counsel, clearly did not understand how to effectively assert his claim.  Plaintiff retained counsel before the date for amendment passed and that counsel has now asserted viable state law claims.  Third, the Court has the authority to reconsider its own order.  *Traer v. Domino's Pizza LLC*, Case No. CV 21-6187-MWF (SKx), 2023 WL 6369712, at *12 (C.D. Cal. June 29, 2023) (collecting cases holding that district courts have the inherent power to *sua sponte* rescind, consider, or modify interlocutory orders that the court finds sufficient basis to do so).

Here, given the allegations the Court has always found meritorious, and the addition of counsel who sought leave to amend before the date by which amendment of claims and additions of parties expired, there is sufficient basis for the Court to modify its prior Order and rescinds the language precluding "without leave to amend" applicable to Ivie and Faller.  This rescission, together with the Court's finding that Plaintiff did not unduly delay bringing his proposed SAC and no prejudice arises from its filing (discussed below), leads the Court to find Plaintiff's federal and state constitutional excessive force claims asserted in the proposed SAC against Defendants Ivie and Faller may proceed.  *See Rogers v. Las Vegas Metropolitan Police Department*, Case No. 2:22-cv-00867-CDS-DJA, 2023 WL 4934337, at **2-3 (D. Nev. Aug. 1, 2023).

The Court further finds that the elements of battery and negligence were alleged in Plaintiff's original Complaint even though the causes of action were not.  When battery is brought as a civil claim, it is treated as "intentional tort that requires a plaintiff to prove that the tortfeasor intended harmful or offensive conduct, and such conduct occurred."  *Prestianni v. Bzclarity/Phantom Sub, LLC*, Case No. 2:08-cv-01536-RCJ-RJJ, 2009 WL 10693515, at *6 (D. Nev. Nov. 24, 2009) *citing*, *inter alia*, *Switzer v. Rivera*, 174 F.Supp.2d 1097, 1109 (D. Nev. 2001).  "[T]o prevail on a negligence claim, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages."  *Sanchez ex rel. Sanchez v. Walmart*, 221 P.3d 1276, 1280 (Nev. 2009) (internal citation omitted).  Here, Plaintiff's original Complaint alleges LVMPD officers tased him twice in the absence of provocation, without warning or permission, in violation of his constitutional rights, inflicting substantial pain, causing him harm, and refusing him medical attention for no apparent reason.  ECF No. 1-2 at 7.

The Court notes the U.S. Supreme Court and U.S. District Court for the District of Nevada hold state law battery claims are governed by the same standard as an excessive force claim.  *Graham v. Connor*, 490 U.S. 386, 397 (1989); *Ramirez v. City of Reno*, 925 F. Supp. 681, 691 (D. Nev. 1996).  Given that Defendants do not dispute Plaintiff states a facially valid excessive force and failure to provide medical attention claim under the Fourth Amendment, there is little doubt that his battery claim relates back to his original pleading.  Further, the Court finds Plaintiff's original Complaint pleads a duty of care, breach of duty, causation, and damages—that is, the elements of a negligence

claim.  When the elements of a Nevada state law battery and negligence claims are alleged in an original complaint, even when that state tort claim is not pleaded, the later asserted state law tort claims relates back to the original pleading of an excessive force claim.  *Diggs v. Las Vegas Metropolitan Police Dept.*, Case No. 2:09-cv-02339-RLH-RJJ, 2013 WL 6097224, at *2 (D. Nev. Nov. 20. 2013) ("Plaintiff's state law claims relate back to the original filing because they are based on the same facts as those pled in the original complaint. Plaintiff's claims for … battery … and negligence are all rooted in the allegations of [the Officer['s] … use of excessive force in effectuating Plaintiff's arrest).  *See also Ford v. Davis*, 878 F.Supp. 1124, 1127 (N.D. Ill 1995).  Based on the foregoing, the Court finds Plaintiff may proceed on his state law battery and negligence claims against all individually named Defendants.

> B.   Undue Delay and Prejudice.

"The party opposing the motion for leave to amend bears the burden of demonstrating that a substantial reason exists to deny leave to amend."  *State of Cal. ex rel. Mueller v. Walgreen Corp.*, 175 F.R.D. 631, 637 (N.D. Cal. 1997) (internal quote marks and citations omitted).  Here, the Court finds the Motion for Leave to Amend was timely and was made on the same day Plaintiff appeared through counsel.  ECF Nos. 39, 47, 53.  That Plaintiff did not, when proceeding *pro se*, plead some of the claims he now pleads against individual Defendants does not support a finding of prejudice or undue delay.

Plaintiff's proposed SAC does not substantially alter the nature of the litigation or appear to require significant additional discovery.  *Hip Hop Beverage Corp. v. RIC Representcoes Importacao e Comercio Ltda.,* 220 F.R.D. 614, 622 (C.D. Cal. 2003) ("Undue prejudice means substantial prejudice or substantial negative effect; the Ninth Circuit has found such substantial prejudice where the claims sought to be added 'would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense.") (internal quote marks and citations omitted).  There is one discrete set of operative facts that has not changed since Plaintiff commenced this action in June 2022.  ECF No. 1-2.  Moreover, even if there was a need for additional discovery, this, by itself "is insufficient … to deny a proposed amended pleading."  *In re Circuit Breaker Litigation*, 175 F.R.D. 547, 551 (C.D. Cal. 1997) (internal citation

and quote marks omitted).  *See also Moore ex rel. Moore v. County of Kern*, Case Nos. 1:05-cv-1115-AWI-SMS, 1:06-cv-0120-OWW-SMS2007 WL 2802167, at *6 (E.D. Cal. 2007) (the mere fact of some additional discovery does not necessarily amount to the substantial prejudice required for denying leave to amend where no substantial delay would result).  In sum, as stated in *Beecham v. City of West Sacramento*, Case No. 2:07-cv-01115 JAM EFB, 2008, WL 3928231, at *2 (E.D. Cal. Aug. 25, 2008), "[a]lthough the Court recognizes that the addition of the proposed defendants [and claims] may result in some additional discovery and may delay the final resolution of this action, the Court finds that Plaintiff … [should] be granted an opportunity to test … [his] claims on the merits, especially since the alleged facts appear to support cognizable claims for relief against the proposed defendants."[1]

The Court exercises its considerable discretion and authority and finds Plaintiff's proposed SAC may proceed against Defendants Perry, O'Halloran, Ivie and Faller on his state tort claims of battery and negligence.

**IV.     Order**

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Amend (ECF No. 53) is GRANTED in part.

IT IS FURTHER ORDERED that Plaintiff's proposed second amended complaint may proceed against Defendants Perry, O'Halloran, Ivie, and Faller as now pleaded.

IT IS FURTHER ORDERED that Plaintiff must rename the proposed second amended complaint as the Third Amended Complaint, revise the Third Amended Complaint to be consistent with this Order, and file the same within five (5) court days of the date of this Order.

IT IS FURTHER ORDERED that counsel for Defendants Perry and O'Halloran **must** confirm whether they accept service for Defendants Ivie and or Faller within seven (7) days of the date on which the Third Amended Complaint is filed.  The confirmation is to be filed with the Court.

---

[1]     There is also nothing suggesting that Plaintiff makes a bad faith proffer regarding learning facts that support reassertion of claims dismissed without prejudice.  The timing of the amended pleadings, that is, before the deadline to amend expired is, in fact, contrary to in bad faith or improper purpose.  The existing record demonstrates Plaintiff's allegations were not frivolous even when he acted in the absence of counsel.

If service cannot be accepted, Plaintiff **must** commence efforts to serve Ivie and Faller within two days of learning service must be effected through traditional means.

IT IS FURTHER ORDERED that if service is accepted for Ivie and or Faller, these defendants must respond to the Third Amended Complaint no later than twenty-eight (28) days after it is filed.  If service is not accepted for either or both Ivie and Faller, the responsive pleading due date will be governed by the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that discovery may continue regarding all claims asserted against Perry and O'Halloran.

IT IS FURTHER ORDERED that if extensions of any dates in the operative discovery plan and scheduling order are needed based on the addition of claims and parties, counsel are encouraged to submit a stipulation and order regarding the same.

## V.     Recommendation

IT IS HEREBY RECOMMENDED that Plaintiff's Motion for Leave to Amend (ECF No. 53) be denied with respect to claims asserted against Las Vegas Metropolitan Police Department as those claims are barred by NRS 41.036(2).

Dated this 20th day of August, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).