**Marquis Aurbach**
Craig R. Anderson, Esq.
Nevada Bar No. 6882
Nicholas M. Adams, Esq.
Nevada Bar No. 15859
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com
nadams@maclaw.com
 Attorneys for Defendants Ofc. T. Faller, Det. S. Perry, Det. M. O'Halloran and Ofc. T. Ivie

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JAMES E. BATES,<br><br>            Plaintiff,<br><br>vs.<br><br>THOMAS FALLER, individually; STEVEN PERRY, individually; MICHAEL O'HALLORAN, individually and TRAVIS IVIE, individually,<br><br>            Defendants. | Case Number:<br>2:22-cv-00957-CDS-EJY<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**(THIRD REQUEST)** |

Defendants Ofc. Thomas Faller, Det. Steven Perry, Det. Michael O'Halloran and Ofc. Travis Ivie ("LVMPD Defendants"), by and through their attorneys of record, Marquis Aurbach, and Plaintiff James E. Bates ("Plaintiff"), pro per, hereby stipulate and agree to extend the discovery deadlines by an additional ninety (90) days (Third Request).

This Stipulation is entered into in good faith and not for purposes of delay.

**DECLARATION OF CRAIG R. ANDERSON IN SUPPORT OF STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**

I, Craig R. Anderson, Esq., state:

1.    I am over the age of 18 years and have personal knowledge of the facts stated herein, except for those stated upon information and belief, and as to those, I believe them to be true. I am competent to testify as to the facts stated herein in a court of law and will so testify if called upon.

2. I am an attorney licensed to practice in the State of Nevada and in the United States District Court for the District of Nevada and am counsel for LVMPD Defendants in the matter of *Bates v. LVMPD et al.*, Case No. 2:22-cv-00957-CDS-EJY.

3. On December 10, 2024, the Court granted the Motion to Withdraw brought by Plaintiff's former counsel, making Plaintiff an unrepresented litigant in this matter. (ECF No. 71). Plaintiff is an incarcerated individual.

4. On December 16, 2024, Plaintiff filed a Motion for Appointment of Counsel. (ECF No. 73). On December 20, 2024, the Court issued its Order denying Plaintiff's Motion for Appointment of Counsel. (ECF No. 78).

5. Plaintiff filed his Notice of Change of Address on January 28, 2025. (ECF No. 81). During December 2024, mail addressed to Mr. Bates by the Court had been returned as undeliverable due to Plaintiff's relocation to the Nevada Southern Detention Center. (*See* ECF Nos. 74-76, 79-80).

6. Based on the above events, LVMPD Defendants understood that Plaintiff was in the process of seeking counsel in this case. As the deadline for the close of discovery approached, on April 1, 2025, LVMPD Defendants filed their Motion to Extend Discovery Deadlines (Second Request) (ECF No. 82). The LVMPD Defendants cited to the above circumstances, Plaintiff's apparent intent to obtain counsel, and LVMPD Defendants' intent to take Plaintiff's deposition as good cause for a 90-day extension of discovery deadlines.

7. On April 16, 2025, the Court issued a Minute Order denying LVMPD Defendants' Motion to Extend Discovery Deadlines (Second Request). (ECF No. 83). The Court's denial was based on the failure of LVMPD Defendants to meet and confer with Plaintiff before filing the Motion. (*See id.*)

8. On April 18, 2025, LVMPD Defendants sent a letter to Plaintiff via certified mail requesting that he stipulate to the extension of discovery deadlines, including the discovery cut-off deadline, such that Plaintiff would have sufficient time to retain counsel

MAC: 14687-431 (#5871725.1)

1  and such that LVMPD Defendants could depose Plaintiff. (*See* **Exhibit 1**, April 18, 2025
2  Letter to Plaintiff).

3  9.  On April 24, 2025, Plaintiff made a phone call to our office, which was taken
4  by an associate attorney at my office, Nicholas M. Adams, Esq. Mr. Bates acknowledged
5  receipt of LVMPD Defendants' letter and requested an additional week to respond to
6  LVMPD Defendants' request that he stipulate to extend the discovery deadline, during
7  which time he intended to confer with an attorney to potentially represent him in this case.

8  10. On April 30, 2025, Plaintiff placed another phone call to our office, and I
9  spoke to Plaintiff. Plaintiff agreed to stipulate to a 90-day extension for purposes of
10 obtaining an attorney, responding to outstanding written discovery requests, and to have his
11 deposition taken.

12 11. Due to the time-sensitive nature of the parties' request for an extension of
13 discovery deadlines, with the current deadline for dispositive motions set for May 15, 2025,
14 I have not sent this Stipulation and Order to Extend Discovery Deadlines to Plaintiff for his
15 review and approval. However, Plaintiff has stipulated to a 90-day extension of discovery
16 deadlines for the reasons outlined above, and Plaintiff has approved LVMPD Defendants'
17 submission of a stipulation and order effectuating that extension.

18 12. Pursuant to NRS 53.045, I declare under penalty of perjury under the laws of
19 the State of Nevada that the foregoing is true and correct.

20 Dated this 1st day of May, 2025.

21 *s/Craig R. Anderson*
   Craig R. Anderson

**MARQUIS AURBACH**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC: 14687-431 (#5871725.1)

## MEMORANDUM OF POINTS & AUTHORITIES

**I.   STATEMENT OF FACTS**

1. Plaintiff initiated this action pro se on June 15, 2022 when he filed his Complaint (ECF No. 1).

2. After this Court's first round of screening Plaintiff's Complaint, Plaintiff filed his First Amended Complaint on October 7, 2022 (ECF No. 16) to cure deficiencies identified by the Court with the original Complaint.

3. Plaintiff's First Amended Complaint was also screened by the Court. On March 13, 2023, pursuant to this Court's Order and Report and Recommendation regarding Plaintiff's First Amended Complaint (ECF No. 19), Plaintiff's Fourth Amendment excessive force claim against Det. M. O'Halloran and Det. S. Perry were allowed to proceed, as well as Plaintiff's Fourth Amendment failure to provide medical care claim against Det. M. O'Halloran. Plaintiff's additional claims were dismissed, as were all other named Defendants. (ECF No. 19).

4. On April 15, 2024, the Court entered its Scheduling Order for Civil Rights Action filed by Incarcerated Pro Se Plaintiffs (ECF No. 39). Pursuant to the Court's Scheduling Order for Civil Rights Action filed by Incarcerated Pro Se Plaintiffs (ECF No. 39), the deadline for discovery in this action was set for October 14, 2024.

5. On May 13, 2024, Defendants Det. M. O'Halloran and Det. S. Perry served their Initial Disclosures of Witnesses and Documents.

6. On June 14, 2024, Adam Breeden, Esq. filed a Notice of Appearance for Plaintiff. (ECF No. 47)

7. On June 14, 2024, Plaintiff filed his Second Amended Complaint. (ECF No. 51)

8. On June 14, 2024, Plaintiff filed a Motion for Leave to Amend Complaint, seeking the Court's leave to file a Third Amended Complaint. (ECF No. 53).

MAC: 14687-431 (#5871725.1)

9. On June 28, 2024 Defendants filed their Opposition to Plaintiff's Motion for Leave to Amend Complaint (ECF No. 53). (ECF No. 57).

10. On July 5, 2024, Plaintiff filed a Reply in Support of Motion for Leave to Amend (ECF No. 53). (ECF No. 58).

11. On July 8, 2024, Defendants Det. O'Halloran and Det. S. Perry served their First Set of Interrogatories to Plaintiff and First Set of Requests for Production of Documents to Plaintiff.

12. On July 11, 2024, the LVMPD Defendants filed their Answer to Plaintiff's Second Amended Complaint. (ECF No. 59)

13. On August 5, 2024, Plaintiff served his Initial Disclosures of Witnesses and Documents.

14. On August 21, 2024 the Court issued its Order and Report and Recommendation granting in part Plaintiff's Motion for Leave to Amend (ECF No. 53). (ECF No. 61).

15. The Court's Order and Report and Recommendation (ECF No. 61) encouraged the parties to submit a stipulation and order if any extensions of dates in the operative discovery plan and scheduling order were needed based on the addition of claims and parties.

16. On August 27, 2024, the Plaintiff filed his Third Amended Complaint. (ECF No. 62).

17. On August 27, 2024, the LVMPD Defendants filed an Acceptance of Service for Defendants Faller and Ivie. (ECF No. 64)

18. On September 9, 2024, the Court issued its Order Adopting the Magistrate Judge's Report and Recommendation (ECF No. 61). (ECF No. 65).

19. On September 23, 2024, the Court entered the parties' Stipulation and Order to Extend Discovery Deadlines (First Request), setting a new discovery cut-off deadline of April 15, 2025. The extension was necessary due to the additional claims for relief set forth

MAC: 14687-431 (#5871725.1)

1 in the Third Amended Complaint and other reasons set forth within the Stipulation and Order.

20. On November 19, 2024, counsel for Plaintiff Adam Breeden, Esq. filed his Motion to Withdraw as Attorney for Plaintiff. (ECF No. 69).

21. On December 10, 2024, the Court entered its minute order granting the Motion to Withdraw. (ECF No. 71).

22. On December 16, 2024, Plaintiff, who is incarcerated, filed his Motion for Appointment of Counsel. (ECF No. 73).

23. On December 20, 2024, the Court issued its Order Denying Plaintiff's Motion for Appointment of Counsel. (ECF No. 78).

24. On January 28, 2025, Plaintiff filed his Notice of Change of Address (ECF No. 81).

25. On April 1, 2025 the Defendants filed a Moton to Extend Discovery Deadlines (ECF No. 82).

26. On April 16, the Court entered a Minute Order denying the Motion without prejudice (ECF No. 83).

## II. DISCOVERY THAT REMAINS TO BE COMPLETED

LVMPD Defendants require additional time to schedule and conduct the deposition of Plaintiff in this case. The parties began to actively conduct discovery pursuant to the allegations of the Third Amended Complaint, but the withdrawal of counsel for Plaintiff and the changed address of Plaintiff have complicated the completion of discovery. In addition, Plaintiff intends to produce additional medical records and documents and answer outstanding written discovery in this case. For the reasons explained below, the parties will need additional time to conduct that discovery.

## III. SPECIFIC DESCRIPTION OF WHY EXTENSION IS NECESSARY

Pursuant to Local Rule 26-3, the parties submit that good cause exists for the extension requested. This is the third request for an extension of discovery deadlines in this

MAC: 14687-431 (#5871725.1)

1  matter. The second request, by way of LVMPD Defendants' motion, was denied due to the
2  lack of meet and confer efforts between the parties. (ECF No. 83). The parties acknowledge
3  that pursuant to Local Rule 26-3, a motion to extend a discovery deadline set forth in a
4  discovery plan must be submitted to the Court no later than 21 days before the expiration of
5  the subject deadline, and that a request made within 21 days must be supported by a showing
6  of good cause. Here, the discovery cut-off deadline has passed, and the dispositive motion
7  deadline is within the 21-day window. Thus, the parties' request must be supported by a
8  showing of good cause.

9  Here, the parties seek this extension and request additional time for discovery for
10 three primary purposes. First, Plaintiff desires to obtain counsel and have an opportunity to
11 conduct any necessary discovery prior to the close of discovery. Second, Plaintiff intends to
12 gather and produce additional documents and responses to outstanding discovery requests
13 prior to the close of discovery. Third, LVMPD Defendants intend to take the deposition of
14 Plaintiff. Because Plaintiff has been in the process of seeking counsel in this case, the
15 LVMPD Defendants have not noticed Plaintiff's deposition or conducted additional
16 discovery since the withdrawal of Adam Breeden, Esq. as Plaintiff's counsel. Therefore,
17 good cause exists to extend the discovery deadlines so Plaintiff may have additional time to
18 retain counsel, and so the LVMPD Defendants may have sufficient time to notice and take
19 Plaintiff's deposition thereafter. For the foregoing reasons, a 90-day extension of all
20 deadlines is required in order to obtain all necessary discovery prior to the filing of
21 dispositive motions.

## IV. PROPOSED SCHEDULE FOR COMPLETING REMAINING DEADLINES

|  | **Current Deadline** | **Proposed New Deadline** |
|---|---|---|
| Amend Pleadings and Add Parties | Passed | N/A |
| Initial Expert Disclosures | Passed | N/A |
| Rebuttal Expert Disclosures | Passed | N/A |
| Discovery Cut-Off | April 15, 2025 | July 15, 2025 |
| Dispositive Motions | May 15, 2025 | August 15, 2025 |

MAC: 14687-431 (#5871725.1)

| Pretrial Order | June 18, 2025 | September 16, 2025 |

Based on the foregoing stipulation and proposed deadlines, the parties request the Discovery Plan and Scheduling Order deadlines be extended as stated herein, so the parties may conduct all necessary discovery prior to the filing of dispositive motions.

## V. CONCLUSION

Based on the foregoing, the parties respectfully request the Court grant the parties' Stipulation to Extend Discovery Deadlines (Third Request).

IT IS SO STIPULATED this 1st day of May, 2025.

MARQUIS AURBACH                                   JAMES E. BATES

By: *s/Craig R. Anderson*                         By: *s/James E. Bates*
    Craig R. Anderson, Esq.                          James E. Bates, #47267509
    Nevada Bar No. 6882                               SNDC
    10001 Park Run Drive                              2190 E. Mesquite Ave.
    Las Vegas, Nevada 89145                           Pahrump, Nevada 89060
    Attorney for Defendants                           Plaintiff Pro Se

## ORDER

The above Stipulation is hereby GRANTED.

IT IS SO ORDERED.

_____
United States Magistrate Judge

Date: May 1, 2025.

MAC: 14687-431 (#5871725.1)