UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JAMES E. BATES,

      Plaintiff,

v.

LAS VEGAS METROPOLITAN P.D.,

      Defendant.

Case No. 2:22-cv-00957-CDS-EJY

**ORDER**

    Before the Court is Plaintiff's Motions for Stipulation and Order for Leave to take the Depositions of Defendants Thomas Faller, Steven Perry, Michael O'Halloran, and Travis Ivie.  ECF Nos. 90, 91.  Defendants do not oppose the Motions.  ECF No. 95.

    Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motions for Stipulation and Order for Leave to take the Depositions of Defendants Thomas Faller, Steven Perry, Michael O'Halloran, and Travis Ivie, (Nos. 90, 91) are GRANTED.

    IT IS FURTHER ORDERED that any deposition taken by Plaintiff **must** occur by videoconference.

    IT IS FURTHER ORDERED that each deposition is limited to **two (2) hours** of **questioning by Plaintiff**.

    IT IS FURTHER ORDERED that Plaintiff must arrange with the Nevada Southern Detention Center for a room to be reserved for two days so that two depositions may occur on each of the days reserved.  For example, Messrs. Faller and Perry may be deposed on one of the two reserved days, and Messrs. O'Halloran and Ivie may be deposed on the second of the two days reserved.

    IT IS FURTHER ORDERED that the first deposition on each day **must** start at approximately 9 a.m. and end at approximately 11 a.m.  The second deposition must start at approximately 11:30 a.m. and end at approximately 1:30 p.m.

    If Plaintiff chooses to take all four depositions on the same day, the depositions may not start before 8 a.m. and end no later than 5 p.m.  The schedule **must** be: (1) first deposition—8 a.m. to 10

a.m.; (2) second deposition—10:15 a.m. to 12:15 p.m.; (3) third deposition—12:30 p.m. to 2:30 p.m.; and (4) fourth deposition—2:45 p.m. to 4:45 p.m.  If a deposition ends early, the next deposition may start earlier than scheduled.

IT IS FURTHER ORDERED that Plaintiff must arrange for a court reporting service, with video conferencing capabilities, to record the depositions on the dates and times Plaintiff has a room available in which to conduct the depositions.

IT IS FURTHER ORDERED that once Plaintiff confirms dates on which he will have a room in which he can connect to videoconferencing for purposes of conducting the depositions, and has confirmed with a court reporting service that it will record the depositions as required, Plaintiff **must** serve on (send to) defense counsel notices of the dates and times each defendant is to appear together with the information necessary to connect to the videoconference for purposes of conducting the depositions.

Plaintiff is advised that he is required to pay all costs associated with taking the depositions, which will likely include advance payment to the court reporting service for the deposition recordings.  If Plaintiff seeks copies of deposition transcripts and/or recordings he will also be required to pay costs associated with those copies.

The court reporting service will provide to Plaintiff the information necessary for the video links Plaintiff will need and that he must send to defense counsel for purposes of connecting to the video depositions.

IT IS FURTHER ORDERED that if Plaintiff intends to use exhibits during the depositions, he **must** send a copy of each exhibit he intends to use to defense counsel no later than seven (7) days before the depositions are to commence.

IT IS FURTHER ORDERED that defense counsel **must** assist in this process by (1) speaking with the Nevada Southern Detention Center to explain and provide a copy of this Court Order, (2) coordinating the court reporter service that will record the depositions, and (3) overall assisting, to the best of their ability, with setting the depositions so that this process is not unduly delayed.  If the Court can be of assistance with this process, the parties may reach out through a status report asking for the Court's help.

En savoir plus...

IT IS FURTHER ORDERED that Plaintiff is reminded that the depositions are to be limited to information related to his claims that are proceeding before the Court.  Depositions are not an opportunity to fish for information related to other events or beliefs regarding supposed wrongdoing. A witness may answer a question with "I don't know" or "I don't remember."  These are acceptable answers to questions.  Plaintiff may ask a witness if there is something that would help him/her remember, but if the witness does not know or remember something, the witness cannot be required to answer a question differently.

IT IS FURTHER ORDERED that discovery is reopened and extended to **September 12, 2025** for the sole and exclusive purpose of allowing Plaintiff to take the depositions requested.  No other discovery may be conducted during this period without permission of the Court.

IT IS FURTHER ORDERED that the Court notes that despite the pending request to take depositions, Plaintiff filed a Motion for Summary Judgment on July 10, 2025.  ECF No. 94. Nonetheless, the dispositive motion deadline (the deadline by which a summary judgment motion must be filed) is extended to **October 24, 2025**.  This will allow time for production of deposition transcripts (if any are requested).

IT IS FURTHER ORDERED that if Plaintiff so chooses, he may withdraw his Motion for Summary Judgment (by filing a notice of withdrawal) and refile a motion after he completes the depositions, but no later than October 24, 2025**.**

Dated this 15th day of July, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE